**Wytheville.**

ARMISTEAD'S EX'ORS v. HARTT AND OTHERS.

JULY 6, 1899.

1. SURVIVORSHIP—*Original and Accrued Shares.*—In the absence of a positive and distinct indication of a contrary intention, only original, and not accrued, shares survive in case of a gift over in event of death.
2. WILLS—*Case in Judgment—Survivorship.*—Upon a devise to four children, share and share alike, and in the event of the death of one or more of them, his or their share to go to the survivors, the event which is to fix the rights of the children is the death of the testator. If all survive the testator, each takes his or her share of the real estate devised free from any right of survivorship.
3. TRUSTS—*Fulfilment—Termination by Court of Equity—Objection by Trustee.*—Although all the objects and purposes of a trust have not been accomplished, yet if all interests under it have vested, and the beneficiaries are *sui juris,* and desire the termination, a court of equity may decree its termination. If no good purpose will be served by a continuation of the trust, and those interested will not be benefitted, the mere objection of the trustee to its termination will be unavailing.

Appeal from two decrees of the Circuit Court of the city of Portsmouth, pronounced September 28, 1897, and March 18, 1898, in a suit in chancery, wherein appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*C. W. Coleman* and *G. Hatton,* for the appellants.

*Walke & Old* and *R. C. Marshall,* for the appellees.

Riely, J., delivered the opinion of the court.

Provision 1st of Item 1st of the will of the testatrix is as follows:

" I give and bequeath all my real estate to my four children, share and share alike, and in the event of the death of one or more of my children, his, her, or their share of my real estate shall go to those of my children living, and all taxes, insurance, and repairs are to be paid on all property out of my estate, reserving enough to run the farm during the coming year, then the remainder to be equally divided between my four children."

Provision 7th of Item 1st is as follows:

" If my son Collins should marry and die with issue, his share of my estate shall go to his widow and children share and share alike, but if he should die without issue, then his portion of the income shall go to his widow, but should she marry again the same shall revert to my remaining children or their issue."

The testatrix left four children, the son, J. Collins Armistead, and three daughters. By deed of the 1st day of July, 1897, the four children executed mutual conveyances of whatever interest each might have had in the share of the other in the real estate given by the will, by virtue of the right of survivorship created by provision 1st, above quoted.

The question that arises upon the language of these two provisions of the will taken together is the proper construction of the right of survivorship created by provision 1st, as affecting the right of the devisee, J. Collins Armistead, to enter into the deed of July 1, 1897, and thus defeat possible rights of those contingently interested in his share of the estate under provision 7th. By that provision his share of the estate is given over upon certain contingencies. If by " his share of the estate "

reference is had to whatever he acquires by right of survivor-
ship, as well as his original one-fourth share, then he cannot
enter into the deed of July 1, 1897, to the prejudice of those
contingently interested.

It is unnecessary to consider the question of the survivorship
of accrued shares under gifts similar to that created by provision
1st of Item 1st, further than to say that the law seems well
established that only original and not accrued shares survive,
in the absence of a positive and distinct indication of intent in
the will that the latter shall survive. 2 Jarman on Wills (Bige-
low's ed.), ch. 48; 3 Id. (Randolph's ed.) 560. See also *Brooke*
v. *Croxton,* 2 Gratt. 509; 3 Minor's Inst. Pt. 1, 591; 29 A. &
E. Enc. of Law, 500.

The necessity for the consideration of the foregoing question
is, however, precluded by a further question. " In the event of
the death of one or more " of the devisees, his, her, or their
share is given to those surviving. The words " in the event of "
import a contingency, and must refer to death before some period
or event contemplated by the testatrix, but not expressed; for,
otherwise, they would be useless and meaningless, as there is no
contingency about death, nothing being more certain to happen.
There is no express designation in the will, nor is there anything
in its language to indicate the period or event to which these
words refer, and since they must be given some effect, they
must be construed as having reference to that period or event
which, under the circumstances, is the most natural. This clearly
is the death of the testatrix, and if, therefore, all of the children
survive this event, the right of survivorship, which is to take
effect only upon the death of one or more of the children before
that of the testatrix, ceases, and each takes his or her share of
the real estate freed from any such right. This has been the
uniform rule of construction of language like that under con-
sideration, where there was no indication of an intention to
refer to any other event or period. 2 Jarman on Wills (Bige-

low's ed.), ch. 48; 3 Id. (Randolph's ed.), ch. 48; *Briggs* v. *Shaw,* 9 Allen, 516; *Crossman* v. *Field,* 119 Mass. 170; *Britton* v. *Thornton,* 112 U. S. 526, 533; *Sealy* v. *Laurens,* 1 Desaus. (S. C.) 137; *Whitney* v. *Whitney,* 45 N. H. 311; *Howard* v. *Howard,* 21 Beav. 550; *Dorsey* v. *Dorsey,* 9 Md. 31; 29 A. & E. Enc. of Law, 502-3. See, also, *Sims* v. *Conger,* 39 *Miss.* 231; *Beatty* v. *Montgomery,* 21 N. J. Eq. 324.

The children of the testatrix, having all survived her, the contingency upon which the right of survivorship was to arise cannot take effect, this right is no longer existent, and each child takes his or her one-fourth share of the real estate free from any such right—the three daughters in fee absolute, and J. Collins Armistead subject to the conditions of provision 7th of Item 1st. This conclusion renders the deed of July 1, 1897, valid, and disposes of the first question raised by this appeal.

The next and only remaining assignment of error is to the decree of March 18, 1898, adjudicating that, upon a sale and division of the estate, both real and personal, given under the will, each of the beneficiaries, with the exception of J. Collins Armistead, is entitled to receive her share of the estate free from any trust under the will. As to the beneficiary, J. Collins Armistead, it is admitted that, owing to the contingent interest of his wife and children in his share of the estate, the trust has to continue, so that in the further consideration of this assignment of error it is understood that no reference is had to him.

While there is some indication in the will, particularly in the language of provision 2d of Item 1st, that the testatrix intended that her executors should hold her estate in trust and manage it for the benefit of her children, yet this is not clear, and there are no peculiar reasons which require that it be so held in trust and managed, such as the disability of the immediate beneficiaries, or the necessity of preserving the estate for others remotely or contingently interested. The beneficiaries are all *sui juris,* so far as this property is concerned, and, under the con-

struction placed upon the will, each owns the entire beneficial interest in her share of the estate. There is no attempt by the testatrix to fetter or restrain the alienation of the property given by her, nor are there any subsequent limitations thereof; and, in the face of a desire on the part of beneficiaries so situated to have the trust terminated, no sufficient reason for refusing to comply with that desire is presented, in the absence of a plain intention of the testatrix that it should be continued. Nor does the mere objection of the executors, who are the trustees in this case, to the relinquishment of their trust avail to alter this conclusion, when it appears that no good purpose will be served or benefit derived for those most interested in the trust estate by the continuance of the trust.

The general rule on this subject is thus stated in 27 A. & E. Enc. of Law, 322:

" The united consent of all the parties in interest will, in most cases, justify a decree terminating the trust. It is necessary, however, that the purposes of the trust be held sacred, that the beneficiaries so consenting be all *sui juris*, and that no interest, however remote, be left out of consideration."

" Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence, and *sui juris*, and if they all consent and agree thereto, courts of equity may decree the determination of a trust and the distribution of the trust fund among those entitled." 2 Perry on Trusts, sec. 920.

In Massachusetts, the law is similarly stated:

" There is no doubt of the power and duty of the court to decree the termination of a trust, where all its objects and purposes have been accomplished, where the interests under it have all vested, and where all parties beneficially interested desire its termination. Where property is given to certain persons for their benefit, and in such a manner that no other person has or

can have any interest in it, they are in effect the absolute owners of it, and it is reasonable and just that they should have the control and disposition of it unless some good cause appears to the contrary." *Sears* v. *Choate*, 146 Mass. 395, 398.

To the same effect are *Smith* v. *Harrington*, 4 Allen, 566; *Bowditch* v. *Andrew*, 8 Allen 339; and *Inches* v. *Hill*, 106 Mass. 575.

The foregoing citations show that the current of modern authority is in accord with the view here taken. We are aware that the case of *Bass* v. *Scott*, 2 Leigh, 386, seems to hold a contrary doctrine; but it is not intended by anything here said to overrule that decision. The disabilities under which several of the beneficiaries in that case, who were married women, labored, in the then existing state of the law, and the great changes that have been made in recent years touching this subject, rendering married women practically *sui juris* as to property possessed by them, are circumstances sufficient to explain the different conclusion reached by the court in that case, and to reconcile any apparent conflict with the present decision. And it is to be further noted that in *Bass* v. *Scott, supra,* the gift was in terms to trustees to be held for the benefit of the testator's sisters, a specific indication of intention that the latter were not to be invested with the legal title; while in the case at bar the gift is directly to the daughters of the testatrix, and a trust arises only constructively from the language of the will.

We are of opinion, therefore, that the decrees appealed from are correct, and that the same must be affirmed.

*Affirmed.*