# Wytheville.

SOLOMON W. GARDNER, ET AL. V. ELIZABETH GARDNER, ET AL.

June 13, 1929.

The opinion states the case.

*N. T. Green*, for the appellants.

*E. Frank Story* and *R. H. Mann*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This suit involves a proper construction of the third clause of the will of Alamander Gardner, a citizen of Southampton county. In the year 1925, Alamander Gardner departed this life, leaving a will, the third clause of which reads as follows:

"I give and devise unto my beloved wife, Elizabeth Gardner, my three sons, Robert L. Gardner, Solomon W. Gardner and Sheldon C. Gardner, all of my real property in equal shares, share and share alike, to them and their heirs forever."

The testator had been married twice and at the date of the execution of the will, July 21, 1922, there were three children of the first marriage living, viz.: Solomon W. Gardner, Robert L. Gardner and Janie H. Boyette; and of the second marriage one child, Sheldon C. Gardner. Sheldon C. Gardner, after having attained his majority, predeceased the testator, unmarried, and leaving as his only heir-at-law his mother, Elizabeth Gardner.

The respective contentions are set forth in the bill of complaint, filed primarily for the purpose of obtaining a construction of testator's will, and in the petition filed by Janie H. Boyette, and in the answer filed by Elizabeth Gardner. Appellants and Janie H. Boyette, children of the first marriage, contend that the devise to Sheldon C. Gardner lapsed by reason of his death and without issue, and there being no residuary clause in the will, Alamander Gardner died intestate as to that portion of his estate which would have passed to Sheldon C. Gardner had the latter survived testator. It is the contention of Elizabeth Gardner that the devise

to Sheldon C. Gardner did not lapse, and as his only heir-at-law, under the provisions of section 5159, Code of 1919, the property devised to her son passes to her.

The circuit court, decreeing in favor of Elizabeth Gardner, held that the devise to Sheldon C. Gardner did not lapse, but upon the death of the testator, pursuant to section 5159 of the Code of 1919, passed to and rested in appellee. That holding is the basis of this appeal and calls for a construction of section 5159, which reads thus:

"When any joint tenant shall die, before or after the vesting of the estate, whether the estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts, curtesy, dower, or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, be conveyed or devised to a husband and wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance."

■ Under the common law, where there was joint tenancy created by a will or by a conveyance *inter vivos*, upon the death of any joint tenant before the testator, the whole property devised or conveyed passed to the surviving joint tenant. This rule obtained in Virginia until 1919, notwithstanding the abolition of survivorship between joint tenants as contained in the Revised Code of 1819 and carried into the Code of 1887 as section 2430. This is made clear by the decision in *Lockhart* v. *Vandyke*, 98 Va. 356, 33 S. E. 613. Reese Vandyke died in May, 1889, testate. By the third clause of his will he made this devise: "I give and bequeath unto my two sons, to-wit: Charles and Henry P. Vandyke, all of the land I now

reside on." Charles Vandyke, who was unmarried, predeceased his father. Construing the will, Judge Keith held that the Virginia statute abolishing survivorship among joint tenants has no application where the estate in joint tenancy has not vested, and hence, where one joint tenant predeceases the testator, the whole estate passes to the survivor. See also 2 Minor Inst. (4th ed.) at page 1049; *Pendleton* v. *Hoomes*, Wythe's Rep. 94; Note of Mr. William Green in an appendix to the volume just cited; Freeman on Co-Tenancy and Partition, sections 28, 40.

[2] The doctrine enunciated in *Lockhart* v. *Vandyke* was changed by the legislature in the year 1919 by the enactment of section 5159. This was done by amending section 2430, Code of 1887, by the insertion after the word "die" in that section of the words "before or after the vesting of the estate." As amended, section 5159, in our opinion, applies to joint tenancies. This is made clear by the language, "when any joint tenant shall die," when read in connection with the concluding language of the sentence, "as if he had been a tenant in common."

Having reached this conclusion, the sole question before us is whether or not clause three of the testator's will created a joint tenancy.

In *Lockhart* v. *Vandyke, supra,* Judge Keith quotes with approval from 2 Minor Inst. (4th ed.) p. 467, where it is said: "A joint tenancy arises by act of the parties, and never by act of the law. It may be created by the devise, or by any conveyance *inter vivos,* by words which give an estate to a plurality of persons, without adding any restrictive, exclusive, or explanatory words. Thus, if an estate be granted to A and B and their heirs, this makes them joint tenants in fee of the lands. For the law interprets the grant

so as to make all parts of it take effect, which can only be done by creating an equal estate in them both. * * * Formerly, joint tenancy was much favored; but for more than a century the courts have laid hold of every available expression to construe estates given to a plurality of tenants as tenancies in common. And although this innovation began in equity, and in reference to wills, yet it has long prevailed in the courts of common law as well, and the doctrine extends to deeds as uniformly as to wills. Hence, such expressions as 'equally to be divided,' 'share and share alike,' 'respectively between and amongst them,' will, according to this modern construction, convert into a tenancy in common what would once have been a joint tenancy." See also *Morley* v. *Bird*, 3 Vesey 628, and *Whitmore* v. *Trelawny*, 6 Vesey 128.

In Harrison's Wills and Administration, section 251, the same view is expressed. There is no doubt, but for the words "in equal shares," "share and share alike," found in the will of Alamander Gardner, we would be constrained to hold that it was the intention of the testator to create a joint tenancy. The presence, however, of the language quoted removes all doubt that it was the intention of the testator—when tested by the great weight of authority—to devise a portion of his property to his son, Sheldon Gardner, as a tenant in common with his wife and three children of the first marriage. No authority has been cited by counsel for appellee, nor have we been able to find any, where a clause in a will containing such language as "in equal shares," "share and share alike," "respectively between and amongst them," has been held to create a joint tenancy. On the other hand, the great weight of authority is to the effect that where such quoted language occurs, courts are quick to create tenancies in common out of gifts of an undivided whole. 40 Cyc., page 1636.

There is another phase of this controversy which we deem worthy of consideration, viz., what becomes of the share of Sheldon Gardner? As stated, it is the contention of appellants that the devise to him lapsed.

In 2 Minor's Inst. (4th ed.), page 1049, we read: "The general doctrine, at common law, is that a devise lapses in all cases where the devisee dies before the testator. And if the devise be to several, as tenants in common, and one of them dies in the testator's life-time, his share lapses."

With us the only modification of the common law doctrine is found in section 5238, Code of 1919. That section reads as follows: "If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will. This rule shall also apply to a devise or bequest to several jointly, one or more of whom die in the life-time of the testator."

When we read sections 5159 and 5238 together, bearing in mind the common law doctrine governing lapses, the conclusion is irresistible that a devise to a joint tenant who predeceases the testator would lapse, just as a devise to a tenant in common would do, unless the tenant left issue who survived the testator, or unless a different disposition thereof be made or required by the will.

For the reasons given, we are of opinion that Alamander Gardner died intestate as to that portion of his estate devised to Sheldon C. Gardner, and that the same descends to the heirs-at-law of Alamander Gardner, who are Solomon W. Gardner, Robert L. Gardner and Janie Boyette.

The decree of the Circuit Court must be reversed

*Reversed.*