## Staunton

THOMAS N. GASQUE, EXECUTOR, ETC., ET AL. v. FREDERICK B. SIT-
TERDING, III, ET AL, ETC.

September 8, 1967.

Record No. 6457.

Present, All the Justices.

*Travis W. Poole* (*Delmar L. Brown*, on brief), for appellants.

*Alexander W. Neal, Jr.; John W. Edmunds, III* (*McGuire, Woods & Battle; Mays, Valentine, Davenport & Moore*, on brief), for appellees.

SPRATLEY, J., delivered the opinion of the court.

Fritz Sitterding of the city of Richmond died testate on April 4, 1928, at the age of 74. His will was duly probated, and William Sitterding, Fred B. Sitterding, Jr., sons of the testator, and Virginia Trust Company qualified as executors and trustees thereunder.

Fritz Sitterding, hereinafter designated as testator, left surviving him three children: Agnes, Fred B. Jr., William, and three grandchildren: Fred B. III, Mary Elizabeth and Agnes, children of Fred B. Jr.

Testator's daughter, Agnes, died May 9, 1958, unmarried and without issue. Fred B. Jr., testator's son, died in July, 1961, survived by his three children above named, the grandchildren of the testator. Agnes, the daughter of Fred B. Jr., later married Michael J. Maiorano. William Sitterding, testator's son, now 76 years of age, is married and without issue.

A conflict arising over the distribution of certain funds by the surviving executors and trustees, we are asked on this appeal to construe the will of the testator, especially the provisions of the third paragraph thereof, the pertinent portions of which, here designated as (a), (b), (c) and (d) (for the purpose of convenient reference) are as follows:

(a) "THIRD: I direct my Executors to set aside from my estate, and hold as a trust fund, Three Hundred Thousand Dollars ($300,000), * * *.

(b) "The said Trustees shall hold the said trust fund during the lifetime of my three children, and until the expiration of twenty-one years after the death of the last survivor of my said three children.

(c) "I direct the said Trustees to *divide the income* from the said trust estate *quarterly* among my three children. *In the event of the death of any one of my children leaving issue, the share of the income going to such child shall be paid to his or her issue.* In the event that any of my children shall die leaving no issue surviving him or her, then the share of the income of such child so dying shall go to my surviving child or children, and the issue *per stirpes* of any who have died leaving issue. (Emphasis added.)

(d) "At the expiration of the period of twenty-one years after the death of the last survivor of my children, I direct that the said trust fund shall be divided *per stirpes* among the issue of my three children."

Fritz Sitterding left an estate appraised at $2,728,316.89. After making two specific bequests of personal property, one to his daughter, Agnes, and the other to a grandson, and providing for the trust

fund of $300,000, he left the bulk of his estate to his three children: Agnes, Fred B. Jr. and William. The value of the principal of the trust estate, in April, 1965, was approximately $1,847,000.

Mary Elizabeth Sitterding, granddaughter of the testator, died testate on March 16, 1964, unmarried and without issue. In her will she bequeathed her entire interest in the estate left by her grandfather to her niece, Cecelia Anne Maiorano, the infant daughter of Agnes Sitterding Maiorano.

The following chart may be helpful for reference:

*Fritz Sitterding* (died 1928)

*Agnes Sitterding*
(died 1958, without issue)

*William Sitterding*
(alive, without issue)

*Fred B. Sitterding, Jr.*
(died 1961)

*Mary Elizabeth Sitterding*
(died 1964, without issue)

*Agnes Sitterding Maiorano*

*Cecelia Anne Maiorano*

*Fred B. Sitterding, III*

*Fred B. Sitterding, IV*

*Lillian C. Sitterding*

*Patricia Anne Sitterding*

Upon the death of Fritz Sitterding, his three children, Agnes, Fred and William became entitled to and were paid the quarterly distribution of income of the trust. After the death of Agnes, the daughter of testator, the testator's two surviving children, Fred, Jr. and William thereafter became entitled to and were each paid 1/2 of the quarterly distribution of income. Upon the death of Fred, Jr., in 1961, his three children, Frederick B. III, Agnes S. Maiorano and Mary Elizabeth became entitled to and were paid their father's share in the quarterly distribution of income.

Thomas N. Gasque qualified as executor of the will of Mary Elizabeth Sitterding. William Sitterding and Virginia Trust Company, surviving trustees under the will of Fritz Sitterding, refused to pay to him, for the benefit of Cecelia Anne Maiorano, 1/6 of the income from the trust. The refusal gave rise to this proceeding.

In April, 1965, the surviving trustees instituted this proceeding against William Sitterding, Frederick B. Sitterding, III, Alma A. Sitterding, Frederick B. Sitterding, IV, Patricia Anne Sitterding, Lillian Cecelia Sitterding, an infant, Agnes Sitterding Maiorano, Michael J. Maiorano, Cecelia Anne Maiorano, an infant, Thomas N. Gasque, executor of the estate of Mary Elizabeth Sitterding, deceased, and the unborn issue of Fritz Sitterding.

The bill alleged that the complainants believed "it was the intention of Fritz Sitterding, as expressed in his will, that no interest in either the income or principal of the trust fund would vest in any beneficiary until 21 years after the death of the last surviving child of" the testator; and "that twenty-one years after the death of William Sitterding, the trust estate will vest, *per stirpes*, in the then living issue of the children of Fritz Sitterding." They further alleged that until the court construed the will, they were not in a position to proceed with the administration of the trust insofar as the distribution of income is concerned, nor in a position to know who is, or will be entitled to a vested interest in the trust. They prayed for "the aid and guidance of the court in construing the will of the testator, and particularly the provisions thereof relating to the time at which the income and the principal of the trust will vest."

Thomas N. Gasque, executor, in his answer, alleged that his decedent bequeathed to Cecelia Anne Maiorano a vested interest in the trust estate, and that Fritz Sitterding, testator, intended, "as expressed in his will and trust, that Mary Elizabeth Sitterding and the other issue of the children of Fritz Sitterding, the testator, take a vested interest in the principal and income of the aforesaid trust from the date of his death." He prayed that the court hold that the estate of Mary Elizabeth Sitterding, deceased, took a vested interest in 1/3 of 1/2 of the income of the trust estate, and "a 1/3 vested interest in 1/2 of the principal of the said trust, with the right of enjoyment of the said principal being postponed until 21 years after the death of William Sitterding, the last surviving child of the testator;" and that the two surviving children of Fred, Jr. took like vested estates.

Agnes Sitterding Maiorano and her husband filed an answer similar to that of Gasque, executor, and William H. Sitterding, Fred Sitterding, III, his wife and adult children in their answers took the same position as that of the surviving trustees.

The guardians *ad litem* of Lillian Cecelia Sitterding, an infant, "the unborn issue of Fritz Sitterding," and Cecelia Anne Maiorano, an

infant, filed the usual answers submitting the interest of the infants to the protection of the court.

Over the objection and exception of Thomas N. Gasque, executor of the estate of Mary Elizabeth Sitterding, Agnes Sitterding Maiorano, Michael J. Maiorano, and Cecelia Anne Maiorano, by her guardian *ad litem*, the chancellor heard evidence showing the type of man Fritz Sitterding was, his background and his close relationship to his family.

The chancellor held, for reasons set forth in his written opinion that "(N)o interest in the income from or principal of the trust created by section numbered THIRD of the will of Fritz Sitterding has vested or will vest until twenty-one (21) years after the death of the last to die of the three children of said Fritz Sitterding," and so adjudged, ordered and decreed.

Agnes Sitterding Maiorano, Michael J. Maiorano, her husband, Thomas N. Gasque, executor of the estate of Mary Elizabeth Sitterding, and Cecelia Anne Maiorano, an infant, by her guardian *ad litem*, hereinafter referred to an appellants, objected and excepted to the action of the court. They thereafter obtained this appeal.

[1] Appellants contend that the provisions of the will are free from ambiguity, and that the intention of the testator is clearly shown by the language he used. They further say that if there be any ambiguity, the rule favoring the early vesting of estates should be applied. Many cases and authorities are cited relating to that rule.

Since we find that the will, as written, is clear and unambiguous as to the vesting of the right to receive the income from the trust, it is not necessary to consider any other rule of construction, or extrinsic evidence.

The parties agree that the primary duty of the court is to ascertain the intention of a testator from the whole of his will, and the words used by him. They also agree that Fritz Sitterding was an intelligent and successful businessman, and say that "It is obvious that the will was drawn by a skilled draftsman."

"The primary significance of words should ordinarily attach and does attach, unless it is manifest from the will itself that other definitions are intended. Weight and meaning must be given to every word used if they make any sense at all. None are to be deleted and none added, for men make their own wills, nor should we search out obscure or recondite possibilities in simple words." *Rady v. Staiars*, 160 Va. 373, 376, 168 S. E. 452.

"In construing a will the object is to ascertain and determine what the testator meant by what he said in the will. 'If the meaning of the words is plain, there is no room for construction.'" *Boyd* v. *Fanelli*, 199 Va. 357, 360, 99 S. E. 2d 619, 622; *Conrad* v. *Conrad's Executor*, 123 Va. 711, 97 S. E. 336; *Chavis* v. *Myrick*, 190 Va. 875, 58 S. E. 2d 881.

As Mr. Justice Holt said in *Rady* v. *Staiars, supra*, 160 Va., at page 378: "(N)o will has a brother." We can but construe the words of a testator as used by him. Decided cases are of little value except where they are based on facts similar to the case under review.

Guided by the foregoing principles, we will consider paragraph three of the will, sentence by sentence. In it the testator disposed of the income from the trust quite differently from his disposal of the principal both as to the time of distribution and as to the beneficiaries.

In subparagraph (b) of the trust provision, he prescribed the duration of the trust. Subparagraph (c) deals solely with *income* from the trust, and directs how, to whom, and when that income shall be paid. In subparagraph (d), he directed the time when and to whom the *principal* of the trust fund shall be distributed upon the termination of the trust.

The will of Fritz Sitterding designated a class of persons entitled to receive immediately the income of the trust. This class consisted of the testator's children, Fred B. Jr. and his brother and sister. The will also provided that the right of each of said children to receive income should terminate at his or her death.

Upon the death of Fred B. Jr., the will provided for the establishment of a new class to receive his share of the income—that is, "his issue." Thus, upon Fred B. Jr.'s death, the right to a share of the income from the trust estate vested in right and possession in Fred's daughter, Mary Elizabeth—a grandchild of the testator—she qualifying as a member of the second class designated in the will—with her brother, Fred B. III and her sister, Agnes, without any restriction, condition or limitation whatever.

The will, as we have said, provides expressly that the right of each of the testator's *children* to receive income shall cease upon the *child's* death. Furthermore, the will contains a gift-over upon the death of a *child*. The second sentence of subparagraph (c) (the income-giving paragraph) provides in language simple and clear that: "In the event of the death of any one of my children leaving issue, the share of the income going to such child shall be paid to his or

her issue," that is, upon the happening of the named event, the share that the deceased *child* of testator received immediately before his or her death—"shall be paid to his or her issue." The third sentence provides for the death of a *child* of testator without issue, and directs that such child's share shall go to the testator's surviving child or children, and the issue *per stirpes* of the testator's deceased children.

The will does not direct that the right of a *grandchild* to receive income shall terminate at the *grandchild's* death; nor does it contain any gift-over of a share of income that vested in a *grandchild* in his or her lifetime.

The second and third sentences of subparagraph (c) (the income-giving paragraph) provide only for the termination of a *child's* right to receive income; both sentences refer only to the death of a *child*. Even if it should be seen fit to infer that the testator intended a *grandchild's* share of income to cease at her death—that is, not to be payable to her estate, or to her legatee—Mary Elizabeth's share still cannot be payable to her Uncle William and to her brother and sister (as held by the trial court) because the will provides no gift-over of Mary Elizabeth's share of income. Thus, if Mary Elizabeth's right to receive a share of the income terminated at her death, such income would fall into the residuary clause of the will (which obviously was not the testator's intention) or it would be held in limbo until the corpus is distributable 21 years or more in the future (which obviously was not the testator's intention).

In the fourth paragraph of his will, the testator disposed of the residue of his estate as follows:

"FOURTH: All of the balance of my estate I give, devise and bequeath to be equally divided among my three children. In the event that any of my children shall predecease me, leaving issue surviving, then I direct that the share of the child so dying shall go to his or her issue."

Manifestly, this clause shows that the testator did not intend to die intestate as to any portion of his estate.

[2] In order to reach the same conclusion as that of the chancellor below, we must add a sentence that does not appear in the will: "In the event that any of my *grandchildren* shall die leaving no issue surviving him or her, then the share of the income of such *grandchild* so dying shall go to my surviving child or children, and the issue *per stirpes* of any who have died leaving issue." Without such a

sentence, there is no termination, and no gift-over of Mary Elizabeth's share of income at her death, with or without issue.

It needs no argument or authority to show that we have no right to add such a sentence which the testator did not use. Had he intended to make such a provision, he could have readily done so at the time when he made provision for a gift-over upon the death of any of his children who might die "leaving no issue surviving him or her."

We, therefore, hold that Mary Elizabeth Sitterding's vested right to receive income from the trust did not terminate at her death; but was a property right, which she could and did bequeath under the will.

Appellees argue that the testator, by directing that the trust endure 21 years beyond the death of all his children, and by using the words "issue" and *"per stirpes"* in the trust clause, manifested his intention to limit the benefits of the trust strictly to future generations of his issue, mindful of the rule against perpetuities. This is merely speculation or conjecture; and neither speculation nor conjecture may be substituted for the intention of the testator clearly shown by the language he employed.

[3] We have confined our consideration of the will to the question: Who are the beneficiaries entitled to the present *enjoyment* of the *income* from the trust fund? The immediate distribution of the principal is not before us. The time for its distribution is set in subparagraph (d) of the trust clause, that is, 21 years after the death of the last surviving child of the testator.

The decree of the trial court is reversed and set aside, and a final decree will be here entered, adjudging that the issue of Fred B. Sitterding, Jr., namely, Fred B. Sitterding, III, Mary Elizabeth Sitterding and Agnes Sitterding Maiorano, received under the will of Fritz Sitterding a vested interest in a share of the income of the trust created under the said will, and that Mary Elizabeth Sitterding's right to receive 1/3 of 1/2 of said income did not terminate at her death; but was a property right which she could and did bequeath to Cecelia Anne Maiorano. It follows that Cecelia Anne Maiorano, Fred B. Sitterding, III, and Agnes Sitterding Maiorano are each entitled to the present right and possession of 1/3 of 1/2 of the said income payable quarterly.

*Reversed and final decree.*