## Richmond

### Vandy Stringfield, Jr., Et Al. v. Magee-Parker, Inc., Et Al.

September 1, 1971.

Record No. 7579.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Harold Freeman*, for appellants.

*R. Harvey Chappell, Jr.* (*Hullihen W. Moore; James W. Renney; E. Carter Nettles, Jr.; Christian, Barton, Parker, Epps & Brent*, on brief), for appellees.

Snead, C.J., delivered the opinion of the court.

The issue in this appeal is whether a certain parcel of land owned by Vandy (Vanderbilt) Stringfield passed to the devisees named in the fifth paragraph of his will or to the beneficiaries named in the residuary clause.

At the time of his death on January 16, 1959, Vandy Stringfield was married to Mary Jane Stringfield. As a result of this union they had nine natural children and one adopted son. Mrs. Stringfield, nine of her children and a granddaughter were named as beneficiaries under the residuary clause of the will.

Stringfield also had a mistress named Cassie King. He fathered ten children by her. Cassie King and her children were the devisees named in the fifth paragraph of the will.

Mrs. Stringfield and Cassie King lived with Stringfield on the same farm, but occupied separate houses. The farm contained 223 acres

and is located in Surry county on Route 617 near Walls Bridge. It was conveyed to Stringfield as one parcel in 1943. Route 617 runs in a north-south direction across the farm. Forty acres of the farm and a building are situated on the west side of the highway, and it is this land that is involved here.

The dwellings that Mrs. Stringfield and Cassie King occupied are located on the east side of the highway. There is a road which runs in an east-west direction that intersects the highway and leads across the middle of the farm directly to the dwelling of Cassie King, which is a considerable distance from the highway. The road does not extend to the eastern boundary line of the farm, nor is it certain that it extends to the western boundary line.

The fifth paragraph of Stringfield's will reads:

"FIFTH: I devise to Cassie King the timber on the 223 acres on the side of the highway where she lives reserving sufficient timber to keep up the place and to put up a new building. I devise to Arthur Lee King a life estate in the land on the north side of the road going into the house, and one half interest in all the buildings on the place excepting the buildings used by my wife, Mary J. Stringfield, and he is to pay his mother, Cassie King, one-fourth rent after deducting one-fourth for fertilizer, peanut bags and picking off peanuts. All the remainder of the said farm I devise to Cassie King for life so long as she remains unmarried and request that she rent the farm to her children. At the death of the said Cassie King, the property on the south side of the road going into the house is to go to the children of Cassie King, share and share alike, and at the death of Arthur Lee King the land on the north side of the road going into the house is devised to the children of Cassie King to be equally divided among them, those children being dead their children will take the parent's share, and this will also apply to the children of Arthur Lee King."

Arthur King, Cassie King's oldest son, purchased the remainder interests of his mother's other children, except that of Mary King, in the 223 acre farm. In 1965 Magee-Parker, Inc., by various deeds from the Kings, acquired title to the forty acre portion of this farm. Subsequently, Mrs. Stringfield and her children claimed that title to the forty acres had passed to them under the residuary clause.

On October 7, 1966 Magee-Parker, Inc., Cassie King and Arthur King filed a bill of complaint against Mrs. Stringfield and her children

requesting the court to construe the will of Vandy Stringfield and to remove a cloud from the title to the real estate. The respondents filed an answer and cross-bill. They asserted ownership to the forty acres and also prayed that the will be construed. The matter was referred to a Commissioner in Chancery. He reported, among other things, that Magee-Parker, Inc. was the fee simple owner of the forty acres.

The Chancellor overruled respondents' exceptions to the Commissioner's report and confirmed it. In his letter opinion, the Chancellor stated that "the intention of the testator can be determined from the four corners of Paragraph Fifth of his will." In so doing, he concluded that the Kings were the devisees of the forty acres, and that Magee-Parker, Inc. is the fee simple owner of the land. On February 10, 1970, a decree was entered vesting fee simple title in Magee-Parker, Inc. We awarded Mrs. Stringfield and her children an appeal from this decree.

When construing a will the Court's duty is to determine the testator's intent from the words he used in his will, and every word must be given effect if it makes any sense at all. *Gasque* v. *Sitterding*, 208 Va. 206, 210-11, 156 S.E.2d 576, 580 (1967), *Rady* v. *Staiars*, 160 Va. 373, 376, 168 S.E. 452, 452-53 (1933).

We hold the trial court correctly construed the fifth paragraph of Vandy Stringfield's will. The words used in the fifth paragraph express an intent to dispose of the entire 223 acre farm, and not just the land that is situated on the east side of Route 617, as appellants contend.

The first sentence of the fifth paragraph says, "I devise to Cassie King the timber on the 223 acres on the side of the highway where she lives * * *." This sentence identified the testator's 223 acre farm, and Cassie King was given the timber on the side of the highway (east) where she lived. The words "on the side of the highway where she lives" are a limitation on Cassie King's timber rights, and nothing more. Any other construction of this sentence would require that we reject the language "223 acres" when it can be afforded a sensible meaning. Hence, we must give effect to that language.

In the second sentence, Arthur King is devised a life estate in the land on the north side of "the road going into the house", and a one-half interest in all buildings "on the place" except buildings used by Mrs. Stringfield. In the third sentence, Cassie King is devised a life estate "in all the remainder of the said farm". The fourth sentence grants the remainder in fee simple to the children of Cassie King to "the property" on both the south side and north side of "the

road going into the house". As has been stated, the 223 acre farm was conveyed to the testator as a single tract. The words "on the place", "remainder of the said farm" and "the property" must relate only to the 223 acres mentioned in the first sentence of the fifth paragraph.

Appellants argue that the "road going into the house" does not extend west of Route 617, and therefore the forty acre tract was not devised to the Kings under the fifth paragraph of the will. We do not agree. The meaning and intent of the words "road going into the house" is only to divide the entire 223 acres on an east-west axis, and thus establish a marker for the two life estates devised under the fifth paragraph. This language cannot be construed as establishing Route 617 as the western boundary line of the land devised to Cassie King and her children. Reference to Route 617 served only one purpose and, as stated, that was to limit Cassie King's timber rights to the side of the highway on which she lived.

If we were to adopt appellants' contention that Route 617 is the western boundary line of the devise to Cassie King and her children since the road going to the house begins at that point, then we would be compelled to hold that the house represents the eastern boundary line since the road ends there. Such a holding as this would mean that Cassie King and her children were devised only a strip of land through the middle of the 223 acre farm. The language employed by the testator does not show this result was intended.

Since Vandy Stringfield devised the entire 223 acres to Cassie King and her children, their conveyance to Magee-Parker, Inc. of the forty acres on the west side of Route 617 vested a fee simple title in Magee-Parker, Inc.

The decree appealed from is

*Affirmed.*