436 S.E.2d 418 (1993)
VIRGINIA FOUNDATION OF INDEPENDENT COLLEGES
v.
Robert Paul GOODRICH.
v.
Mark P. FRIEDLANDER, Jr., Executor of the Estate of Shelley Krasnow
v.
Robert Paul GOODRICH, et al.
Record Nos. 921668, 921669.
Supreme Court of Virginia.
November 5, 1993.
Thomas J. Cawley, Fairfax (Robert J. Stoney, Kimberly A. Newman, Harry Frazier, III, Hunton & Williams, on briefs), for appellant in Record No. 921668.
(Thomas O. Lawson, Laurie E. Forbes, Rebecca G. Lawson, Lawson, Kipp & Forbes, Fairfax, on briefs), for appellant in Record No. 921669.
Alan B. Croft, Washington, DC (Rhonda J. Macdonald, Shaw, Pittman, Potts & Trowbridge, on brief), for appellee Robert Paul Goodrich.
No brief or argument for appellees Lois Whealey, Robert Berkover, Executor, etc., Raphael P. Koenig, Executor, etc., Leila C. Gurley, Gwyneth Wynne-Griffith, and Julia Martin.
*419 Present: CARRICO, C.J., and COMPTON, STEPHENSON, WHITING, LACY and KEENAN, JJ., and POFF, Senior Justice.
LACY, Justice.
In these appeals we consider whether a forfeiture provision in a will is actuated when a beneficiary files a declaratory judgment action seeking an interpretation of a phrase in the will.
Shelley Krasnow died on September 25, 1989. His will was admitted to probate, and Mark P. Friedlander, Jr., qualified as executor of the estate. Article X of the will provided for the distribution of "all other of my personal property exclusive of antique furniture and library to LOIS WHEALEY and PAUL GOODRICH, or the survivor of them, in approximately equal shares." Krasnow's will also contained a forfeiture provision, Article XVII.
The executor interpreted the phrase "personal property" in Article X to include only tangible personal property and to exclude intangible personal property. Beneficiary Goodrich disagreed with the executor's interpretation of the phrase, believing it was "contrary to the plain language of the Will." As a result of this disagreement, Goodrich filed a bill of complaint seeking a declaratory judgment as to whether the phrase included intangible as well as tangible personal property.
Because he was aware of the forfeiture provision, Goodrich's bill of complaint requested the trial court initially to determine whether his declaratory judgment action was a "contest" under Article XVII, which would result in forfeiture of his interests under the will. "If, and only if" the court determined that it was not a "contest" under Article XVII, Goodrich asked that the court then proceed with a determination of the phrase "personal property" contained in Article X.
The executor and another beneficiary, Virginia Foundation of Independent Colleges (VFIC), responded and filed cross-bills alleging that Goodrich's actions constituted a will "contest" under Article XVII. These defendants sought a declaration that, based on the provisions of Article XVII, Goodrich had forfeited and ceased to have any "right, title and interest in, under or to any portion of the estate of Shelley Krasnow." Goodrich filed a demurrer to the cross-bills.
The trial court sustained Goodrich's demurrer and dismissed the cross-bills, finding that the declaratory judgment action seeking interpretation of a provision of the will was not a "contest" under the forfeiture clause of the will. We awarded both the executor and VFIC an appeal and will affirm the judgment of the trial court.
Determination of whether the provisions of a forfeiture clause in a will have been invoked by a beneficiary's actions requires an evaluation of those particular actions and the specific terms of the will in each case. Womble v. Gunter, 198 Va. 522, 529, 95 S.E.2d 213, 219 (1956).
In this case, Article XVII of the will provides:
In the case any heir, legatee, devisee or beneficiary of this, my LAST WILL AND TESTAMENT, for whose benefit I have made any provision, shall endeavor in any way to contest in any court or before any tribunal this, my LAST WILL AND TESTAMENT, or the validity thereof, or its due or proper execution, or the provisions applicable to him or her, or any other provisions, or shall in any way question any acts in making this will or any of its provisions, then and in that event, such contestant shall thereupon forfeit, and shall thenceforth cease to have any right, title and interest in, under or to any portion of my estate or any property devised or bequeathed to such person or any income therefrom, and all provisions of this my LAST WILL AND TESTAMENT in favor of, or for the benefit of, such contestant are hereby absolutely revoked; and any and all rights which said contestant would otherwise have had shall fall into and become a part of the residue of my estate hereinbefore referred to and shall be disposed of as hereinabove provided, to the exclusion *420 of such contestants in the same manner as if such contestant had not been mentioned in this my LAST WILL AND TESTAMENT.
This article identifies two categories of actions which, if undertaken by a beneficiary, will result in forfeiture of that beneficiary's interest. The first prohibits any attempt in court or before a tribunal to contest the will, its validity, its due and proper execution, or any of its provisions.
As a general principle, one who seeks the guidance of a court in interpreting a provision in a will is not considered to have "contested" the will in a manner which would actuate a forfeiture clause. While forfeiture clauses or "no contest" clauses effectuate the testator's legitimate interest in preventing attempts to thwart his intent, a request for interpretation does not challenge the intent of the testator or the validity of the will. Claudia G. Catalano, Annotation, What Constitutes Contest or Attempt to Defeat Will Within Provision Thereof Forfeiting Share of Contesting Beneficiary, 3 A.L.R.5th 590 §§ 2a, 15a (1992). There is nothing in Article XVII in this will that supports a departure from this general rule.
The second category of actions identified in Article XVII prohibits conduct which in any way questions acts undertaken in making the will or any of its provisions. Even assuming the word "question" used in the second category includes seeking clarification or interpretation, the punctuation used limits the prohibition to questioning acts which surrounded the making of the will or the making of any part of the will. Questions regarding the meaning of the will itself or of a provision within the will are not prohibited under this second category of actions.
Based on our review of Goodrich's actions and the terms of the will, we conclude that the trial court was correct in holding that the declaratory judgment action filed by Goodrich is not within the acts enumerated in Article XVII requiring forfeiture of his rights and interests under the will.
Nevertheless, the executor and VFIC argue that the trial court was required to hold an evidentiary hearing to determine whether Goodrich's actions constituted a will contest. They rely on a phrase contained in the Womble opinion:
What activity or participation constitutes a contest or attempt to defeat a will depends upon the wording of the "no contest" provision and the facts and circumstances of each particular case.

Womble, 198 Va. at 529, 95 S.E.2d at 219 (emphasis added). The executor and VFIC assert that the "facts and circumstances" include such issues as the relationship of the testator to the executor and to the beneficiary and the testator's previous involvement in litigation; they claim that the trial court should have allowed evidence on these matters. This is a strained reading of that phrase and we reject the broad gloss the executor and VFIC place on it.
In this case, the forfeiture provision of Article XVII is actuated only if Goodrich's actions fall into a category of acts prohibited by that article. The "facts and circumstances" of this case, then, include the will itself, as well as the pleadings and actions of the beneficiary. If, as here, there is no ambiguity in the language of the forfeiture provision, no further evidence is needed to determine the meaning of the provision or the intent of the testator in making the provision. Gasque v. Sitterding, 208 Va. 206, 210, 156 S.E.2d 576, 580 (1967).
Likewise, there is no ambiguity here as to the pleadings or actions taken by Goodrich. Goodrich believed the executor's interpretation of a phrase in the will was wrong. The executor did not seek guidance from the court. The beneficiary, however, did seek such guidance, but only on the condition that seeking the guidance did not contravene the "no contest" provision of Article XVII of the will. These are the facts and circumstances relevant to this case. Other matters such as those identified by the executor and VFIC are not relevant to the issue here.
Under these circumstances, an evidentiary hearing was not necessary to determine either the meaning of Article XVII or *421 whether Goodrich's actions constituted a contest under its terms.
Accordingly, we will affirm the judgment of the trial court.
Record No. 921668Affirmed.
Record No. 921669Affirmed.