42

# CIRCUIT COURT OF FAIRFAX COUNTY

First Union National Bank

 v.

William P. Boyette

September 30, 1999

Case No. (Chancery) 160890

BY JUDGE R. TERRENCE NEY

This matter comes before the court on First Union National Bank (First Union's) Bill of Complaint for aid and direction regarding the administration of the Boyette Trust.

James Ray Boyette died testate on October 14, 1989. The Last Will and Testament of James Ray Boyette ("Boyette Will") was probated in the Circuit Court of Fairfax County, Virginia, on October 23, 1989. Article Third of the Boyette Will devises all of James Ray Boyette's estate, including all proceeds from the sale of his real and personal property, to be held in trust for the benefit of his grandson, respondent William Price Boyette, until such time as William Boyette attains the age of sixty years. Complainant First Union National Bank is the successor trustee of the Boyette Trust, the principal of which consists of approximately $440,000.00 in cash.

Article Third, paragraph (2), of the Boyette Will directs the Trustee to hold the Boyette Trust funds for the benefit, maintenance, and support of William Boyette. Article Third, paragraph (3), directs the Trustee to invest the funds in its sole discretion to provide reasonable security and income for William Boyette. Article Third, paragraph (4), directs the Trustee to pay over to William Boyette the sum of $1,000.00 per month, said amount to be increased each year in an amount equal to the increase in the Consumer Price Index, commencing one year from the date of James Ray Boyette's death.

Upon William Boyette's attaining the age of sixty years, the Trustee is to distribute the entire rest, residue, and remainder of the Boyette Trust to William Boyette. In the event William Boyette dies before the trust fund is paid out in its entirety, the Trustee is directed to distribute the balance of said fund to Dorothy Denise Boyette, Billie K. Boyette, Allen Brown, Ronald Boyette, Robert Michael Boyette, and Lillian Dale Boyette Christianson.

William Boyette is currently forty-one years old. His health has been declining since December of 1998, and there is no dispute between the parties that he currently suffers from serious medical conditions and has been unable to work since December, 1998.

Upon a request from William Boyette, First Union desires to distribute principal and interest from the Boyette Trust to William Boyette in amounts in excess of the monthly $1,000.00 plus CPI increase mandated by the terms of the Boyette Will. It asks the Court to determine whether it may do so. In addition, First Union asks the Court to grant it the statutory powers contained in Va. Code § 64.1-57.

The question presented is one of construction. The duty of the Court is to ascertain the intention of the testator from the whole of his will and the words used by him. *Gasque v. Sitterding*, 208 Va. 206, 210, 156 S.E.2d 576 (1967). "If the meaning of the words is plain, there is no room for construction." *Id., quoting Rady v. Staiars*, 160 Va. 373, 376, 168 S.E. 452 (1933). James Roy Boyette could have given the trustee the discretion to decide what amount was necessary for the maintenance and support of William Boyette. He did not. Instead, he not only specified an amount certain, but made provision for changing economic conditions in the United States over the life of the Boyette Trust.

It is significant to the Court that James Ray Boyette was plainly cognizant that changing economic conditions might require adjustment, based upon the CPI, to the amount distributed in order for that amount to retain its purchasing power, yet he did not include any provision for changes in William Boyette's personal circumstances. The caution evidenced by the former argues strongly against the latter being an inadvertent oversight.

Where the language establishing a trust contains not only the instruction that the funds be used for the "support and maintenance" of the beneficiary, but also a specific limitation on the amount that the trustee may disburse to the beneficiary during each certain period, that dollar limitation should be construed as binding. *Cf. Curl v. United States*, 229 F. Supp. 387 (N.D. W. Va. 1964). Thus, the Court determines that First Union may not make distributions to William Boyette in excess of the monthly amount specified in the Boyette Will.

44

First Union has argued that the remainder beneficiaries, or some of them, may consent to distributions from the trust in excess of those authorized under the Boyette Will. While in certain circumstances all beneficiaries, if *sui juris*, may consent to actions not contemplated under the trust instrument, the consent of all remainder beneficiaries cannot ratify an action that would be contrary to the material purposes of the testator. *See Claflin v. Claflin*, 149 Mass. 19 (1889) (holding that a trust may not be terminated under such circumstances). James Ray Boyette clearly intended that only a limited sum certain be distributed monthly to William Boyette until William Boyette reaches sixty years of age, nineteen years from now. Therefore, even the consent of all remainder beneficiaries does not permit the Court to authorize First Union to frustrate James Ray Boyette's purpose of paying a modest stipend to William Boyette until he reaches age sixty, thus preserving the greater part of the Trust assets until that time.

With regard to First Union's request that the Court grant it the statutory powers to manage the Boyette Trust contained in Va. Code § 64.1-57, the Court grants such statutory powers to First Union as trustee in accordance with Va. Code § 64.1-57.1, it appearing to the Court that the grant of such powers is not contrary to the intent of James Ray Boyette. Nothing in this grant of statutory powers shall be construed to permit First Union to distribute to William Boyette, or to anyone else on his behalf, if he should become incapacitated or be adjudicated incompetent, any amount in excess of the $1,000.00-plus-CPI-adjustment per month that is directed under the terms of the Boyette Will at any time prior to his attaining the age of sixty years.

The cost of this proceeding shall be assessed against the Boyette Trust, as First Union sought the aid and direction of this Court in good faith and at the request of the primary beneficiary.