Hazel S. WISELY, Executor of the
Estate of William H. Wisely,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 87–0064–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Dec. 19, 1988.

Jay T. Swett, D. French Slaughter, III,
McGuire, Woods, Battle & Boothe, Char-
lottesville, Va., for plaintiff.

Stuart D. Gibson, Dept. of Justice, Tax
Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This action is before the court on the
defendant's motion for summary judgment.
The plaintiff filed this action for a refund
of approximately $125,000.00 in estate tax-
es and interest which were allegedly erro-
neously assessed and collected from the
Estate of William H. Wisely ("the Estate").
The parties have stipulated that the only
issue in dispute in this action is the Es-
tate's entitlement to a marital deduction,
pursuant to 26 U.S.C. § 2056(b)(5), for
property which was transferred into the
William H. Wisely Marital Trust ("the
Trust") in accordance with the last will and
testament of William H. Wisely ("the
Will"). This court has jurisdiction over this
action pursuant to 28 U.S.C. § 1346(a)(1).

The facts in this action are not in dispute.
William H. Wisely died testate on Novem-
ber 9, 1982, leaving his wife, the plaintiff,
as sole executor of the Estate. In 1983,
the Estate claimed a deduction from the
gross estate of $281,575, representing the
value of property transferred to the Trust
pursuant to Article IV of the Will. The
Internal Revenue Service ("IRS") disal-
lowed this deduction on the grounds that it
failed to comply with the requirements for
the claimed marital deduction pursuant to
26 U.S.C. § 2056(b)(5). The Estate then
paid the deficiency as determined by the
IRS and filed a claim for refund. When its
claim for a refund was rejected, the Estate
filed this action.

The Internal Revenue Code ("the Tax
Code") generally allows a deduction from
the gross value of the taxable estate of a
sum equal to the value of any interest in
property which passes to a surviving
spouse. 26 U.S.C. § 2056(a). However,

the availability of this deduction is modified by § 2056(b)(1) which disallows any deductions from the gross estate for bequests of terminable interests in property, such as life estates. *See* 26 U.S.C. § 2056(a), Treas.Reg. § 20.2056(b)–1(b). One exception to this general prohibition against deductions for terminable interests is found in 26 U.S.C. § 2056(b)(5), entitled "Life Estate With Power of Appointment and Surviving Spouse." In order for an estate to take advantage of this exception to the general rule which disallows deductions for terminable interests, the bequest made to the surviving spouse must meet several requirements.

Explicit requirements for the marital deduction are found in Treas.Reg. § 20.2056(b)–5(a). This court has previously held that United States treasury regulations must be followed unless they are "unreasonable and plainly inconsistent with the revenue statutes they interpret." *Williams Home, Inc. v. United States*, 540 F.Supp. 310, 317 (W.D.Va.1982) (citations omitted). Section 20.2056(b)–5(a) requires taxpayers claiming the marital deduction to satisfy the following five conditions:

1. The surviving spouse must be entitled for life to all the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

2. The income payable to the surviving spouse must be payable annually or at more frequent intervals.

3. The surviving spouse must have the power to appoint the entire interest or a specific portion to either herself or her estate.

4. The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events.

5. The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse.

The court finds these five conditions to be entirely consistent with § 2056(b)(5) of the Tax Code. Therefore, if the bequest made by the decedent to his surviving spouse, the plaintiff, does not comply with the regulations' straightforward and unambiguous requirements, the court's only choice is to disallow the deduction. Deductions are a matter of "legislative grace" which should be narrowly construed and which do not turn upon "general equitable considerations." *Commissioner v. National Alfalfa Dehydrating and Milling Co.*, 417 U.S. 134, 148–49, 94 S.Ct. 2129, 2136–37, 40 L.Ed.2d 717 (1974). Furthermore, the Supreme Court has noted that Congress "intended the marital deduction to be strictly construed and applied." *Commission of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 464, 87 S.Ct. 1776, 1782, 18 L.Ed. 2d 886 (1967). The court must therefore examine the language of the bequest in order to determine if it satisfies the particular requirements of the marital deduction.

The portion of the Will which is pertinent to the instant dispute is found in Paragraph 2 of Article VI, which reads as follows:

> My trustees shall pay to my said wife so much, or all, of the net income of the said trust as my trustees shall, in their sole discretion, deem necessary to provide for her care and support in the style and manner of living to which she has been accustomed and to provide for her medical or other emergency needs. Any income not so used shall be accumulated and added to the corpus. Such payments may also be made from the corpus at any time or times in the event of any illness of my said wife or any other emergency, physical or financial.

As the court compares the Will with the conditions necessary for the marital deduction, the court first recognizes that the Will, which was executed in Virginia, must be interpreted pursuant to Virginia law. *See generally, Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed. 2d 886 (1967), *see also Guiney v. United States*, 425 F.2d 145, 147 (4th Cir.1970). Well-settled principles of Virginia law require that where the words of a will

are "plain, clear, and unambiguous, extrinsic evidence shall not be considered" in the interpretation of the will. *See e.g., Virginia National Bank v. United States*, 307 F.Supp. 1146, 1147 (E.D.Va.1969), *aff'd*, 443 F.2d 1030 (4th Cir.1971) (citations omitted). Virginia law thus precludes the court from considering extrinsic evidence of the testator's intent unless the court first finds the language of the Will to be ambiguous. The court must now examine the language of the Will in light of the requirements of the marital deduction as prescribed by the treasury regulations. The Government argues that the Trust, which the Will creates, fails to satisfy the first two of these requirements.

Section 20.2056(b)–5(a)(1) of the treasury regulations requires that a surviving spouse must be entitled for life either: (1) to all the income from the entire interest for life, (2) to a specific portion of the entire interest, or (3) to a specific portion of all the income from the entire interest. The court finds that the language of the Will which creates the Trust, by its clear and unambiguous meaning, does not meet any of these three conditions.

The Trust, by its plain language, does not "entitle" the plaintiff to all the income from the entire interest for life. Instead, the unambiguous language of the bequest only allows her as much of the Trust's income as the trustees, in their sole discretion, deem necessary to allow her to live in the style to which she is accustomed. The Trust allows the plaintiff no control over the amount or frequency of payment. In fact, the Trust allows for the possibility that the plaintiff may receive no income at all from the trust. For example, should the plaintiff gain an unanticipated financial windfall, the trustees would be within their authority to withhold any payment of income to the plaintiff, despite her objections, and to allow the income to accumulate, perhaps passing the entire trust on to plaintiff's heirs. The plaintiff is entitled to the income from the Trust only to the extent that the trustees determine that she in fact needs the income.[1] The court finds that such a qualified "entitlement" is not sufficient to satisfy the first condition of § 20.2056(b)–5(a)(1).

Furthermore, the language of the Will fails to satisfy either the second or third conditions of § 20.2056(b)–5(a)(1). The Trust entitles the plaintiff neither to a "specific portion" of the entire interest nor to a "specific portion" of all the income from the entire interest. The Trust's language indicating that the plaintiff is to receive only that portion of the estate's income which the trustees, in their sole discretion, deem to be necessary can not satisfy the "specific portion" requirement. The court finds that such a subjective and imprecise measure of income falls short of what may reasonably be called a "specific" portion.[2] The court again notes that the language of the Will allows for the possibility that the plaintiff may receive no income at all, should she become financially independent. The bequest therefore cannot satisfy either the second or third conditions of § 20.2056(b)–5(a)(1).

Section 20.2056(b)–5(a)(2) requires that the income payable to the surviving spouse must be payable annually or at more frequent intervals. The court first notes that the Trust contains no specific language regarding the frequency of income distribution. More significantly, the court finds that the Trust does not require that income be paid annually or at more frequent inter-

---

1. The court also notes that Treas.Reg. § 20.2056(b)–5(f)(7) provides that an interest passing in trust fails to satisfy the requirement that the spouse be entitled to all income for life "to the extent that the income … may be accumulated in the discretion of any person other than the surviving spouse" or "to the extent that the consent of any person other than the surviving spouse is required as a condition precedent to the distribution of the income."

2. While the court does not follow the strict "fractional or percentile share" definition provided by § 20.2056(b)–5(c) of the treasury regulations, *see Northeastern National Bank v. United States*, 387 U.S. 213, 221–22, 87 S.Ct. 1573, 1578–79, 18 L.Ed.2d 726 (1967), the court notes that the Will provides for payment of neither a percentage of the trust income nor of a fixed stipend. *Id.* at 225, 87 S.Ct. at 1580. Instead, the Trust simply provides for whatever payment the trustees deem appropriate.

vals because the Trust plainly contemplates the complete cessation of payments if the trustees determine that payment is not needed in order to maintain sufficiently the plaintiff in the manner to which she is accustomed.[3] Therefore, the court finds that the bequest cannot satisfy the "payable annually" requirement of § 2056(b)–5(a)(2).

The plaintiff relies heavily upon *Estate of Mittleman v. Commissioner,* 522 F.2d 132 (D.C.Cir.1975), where the court found that a testamentary trust satisfied the requirements of § 20.2056(b)–5(a) and thus qualified for the marital deduction of 26 U.S.C. § 2056(b)(5). The court finds *Mittleman* clearly distinguishable as the amount of income payable to the surviving wife under the testamentary trust was neither limited in terms nor conditioned upon the judgment of the trustees.[4] *Id.* at 138. Of course, the Trust in the instant action limits its payment to that amount necessary to support the plaintiff's accustomed standard of living, and this payment is further conditioned upon the judgment of the trustees. The *Mittleman* court found ambiguity in the language of the trust and thus examined manifestations of testamentary intent beyond the "bare language" of the will. *Id.* at 136. The court has already noted that the language found in the *Mittleman* bequest differs significantly from the language of the Will in the instant action. Because the bare language of the Wisely Will is unambiguous, the court is precluded from examining parol evidence of testa-

mentary intent.[5] *Virginia National Bank v. United States,* 307 F.Supp. at 1147.

It is fair to say that the marital deduction concept has not been received with unalloyed joy by the IRS. The regulatory strictures set out *supra* indicate the narrow scope allowed the marital deduction. The instruction of the Supreme Court, however, to the effect that deductions generally are a matter of "legislative grace" and that Congress intended the marital deduction specifically to be "strictly construed and applied," *see Commissioner v. National Alfalfa Dehydrating and Milling Co.,* 417 U.S. at 148–49, 94 S.Ct. at 2136–37; *see also Commissioner v. Estate of Bosch,* 387 U.S. at 464, 87 S.Ct. at 1782, guide and constrain this court in applying the statute and the regulations to the clause of the will at issue in this case.

Further, the Supreme Court has observed repeatedly in similar formulations that, "while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not." *Commissioner v. National Alfalfa Dehydrating and Milling Co.,* 417 U.S. at 149, 94 S.Ct. at 2137 (citations omitted). The will as drafted does not satisfy the plain requirements of the marital deduction as interpreted in § 20.2056(b)–5(a)(1) and (2) of the Treasury Regulations. Because the Will failed to comply with either the "right to income" or the "payable annually" requirements of § 20.2056(b)–5(a), the court finds that, as a matter of law, the marital deduction cannot

3. Treas.Reg. § 20.2056(b)–5(f)(8) states that in order to satisfy the "payable annually" requirement, the terms of the trust must provide that "income be currently (at least annually ...) distributable to the spouse or ... she must have such command over the income that it is virtually hers." The regulation also notes that the condition is satisfied when "the spouse has the right exercisable annually (or more frequently) to require distribution to herself of the trust income...."

4. The relevant portion of the *Mittleman* trust simply requires that the trust income be used "to provide for the proper support, maintenance, welfare, and comfort of my beloved wife, HENRIETTA MITTLEMAN, for her entire lifetime." *Mittleman,* 522 F.2d at 133 n. 1.

5. Although § 20.2056(b)–5(f)(1) of the Treasury Regulations suggests that both "the terms of the trust instrument and the surrounding circumstances" should be considered in determining the satisfaction of the "right to income" requirement of the marital deduction as found in § 20.2056(b)–5(a), the court must follow Virginia law, which forbids the examination of extrinsic evidence absent ambiguity in the trust instrument, as it interprets the Wisely Will in light of the requirements of 26 U.S.C. § 2056(b)(5). *See generally, Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), *see also Guiney v. United States,* 425 F.2d 145, 147 (4th Cir.1970).

be allowed and therefore grants the defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c).

An appropriate Order shall this day issue.