[Civil No. 3494. Filed February 18, 1935.]

[41 Pac. (2d) 311.]

AL FRAUENFELDER, as County Treasurer of Yuma County, Arizona, Appellant, v. STATE OF ARIZONA ex rel. ARTHUR T. LA PRADE, Attorney General, Appellee.

184

Mr. Glenn Copple and Mr. A. J. Eddy, for Appellant.

Mr. Arthur T. La Prade, Attorney General, and Mr. Frank W. Beer, Assistant Attorney General, for Appellee.

ROSS, J.—The Eleventh Legislature, in chapter 49, Laws 1933 (Rev. Code Supp. 1934; §§ 800a–801d), provides for the payment of taxes due the state with warrants of the state up to 75 per cent. of such taxes. The county treasurer of Yuma county, in his remittance under date of December 12, 1933, of the state's portion of the taxes collected by him in his county, to wit, $52,830.95, sent the state treasurer in lawful money the sum of $18,918.60 and the balance of $33,912.35 in two registered warrants of the state. The two warrants were returned by the state treasurer to the county treasurer with the request that the latter send him lawful money to cover balance due the state. This the county treasurer failed and refused to do.

On January 5, 1934, the state, through the Attorney General, commenced this action in *mandamus* to compel the county treasurer to remit in lawful money the taxes due the state. The defendant filed a general demurrer to the complaint, which the court overruled, and, the defendant electing to stand thereon, a peremptory writ was issued as prayed. The defendant has appealed.

■■ The only question involved is the constitutionality of chapter 49, *supra*. In terms, it provides for the payment of taxes due the state with war-

rants of the state up to 75 per cent., and that is exactly what the defendant as treasurer of Yuma county was offering to do.

It is contended by the state that the legislature transcended its powers when it undertook to allow taxes raised for state purposes to be paid in anything but money. The Attorney General refers us to the words, found in section 3, article 9, of the state Constitution, "All taxes levied and collected for State purposes shall be paid into the State treasury in money only," as limitations on the legislative power. Unless state warrants are money, in the sense in which that word is employed in the Constitution, the tender by the county treasurer was not a legal tender, and could not be accepted as money. From an examination of the definitions of the word "money," we find it has many meanings, depending in each case upon the connection in which it is used. Webster's New International Dictionary, 2d ed.; 40 C. J. 1489, § 1 et seq. It would serve no useful purpose to give examples of the various meanings assigned to the word. It may mean, if so intended, certificates of deposit, checks, credits, mortgages, etc. 40 C. J. 1492, § 7. But that, as used in the Constitution, it does not mean any of these, is, we think, quite clear.

This court held in *Weidler* v. *Arizona Power Co.*, 39 Ariz. 390, 7 Pac. (2d) 241, that checks were not money, and that a taxpayer who paid his taxes with a check, that not being the medium provided in the law, took the risk of any loss resulting from neglect of the officer in presenting the check to payee bank.

"Taxes . . . for State purposes shall be paid . . . in money only." Some attention must be given the word "only." It limits payment of taxes to one medium, to wit, money, and excludes any medium other than money. It is a prohibition against the

payment of taxes for state purposes in anything except money; that is, lawful money of the United States.

We are satisfied that chapter 49, *supra,* in so far as it attempts to authorize the payment of state taxes with state warrants, is unconstitutional.

The judgment is therefore affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.