327 P.2d 1009

In the Matter of the ESTATE OF Frank L. SHIELDS, Deceased.

John Howard SHIELDS, Mildred Elizabeth Parker and Forrest Clay Vaughn, Appellants,

v.

Julia A. SHIELDS, and John Howard Shields, Executor of the Estate of Frank L. Shields, Deceased, Appellees.

No. 6345.

Supreme Court of Arizona.

July 9, 1958.

Hash & Bernstein, Phoenix, for appellants.

Gust, Rosenfeld, Divelbess & Robinette, Phoenix, for appellee, Julia A. Shields.

STRUCKMEYER, Justice.

Frank L. Shields died testate on the 13th day of November, 1954 bequeathing to his surviving wife, Julia A. Shields, his "notes and mortgages." On objections to the petition for distribution, the court below ordered the "sales contracts" distributed to Julia A. Shields as being included within the meaning of the words "notes and mortgages." The residuary legatees appeal, contending that since the testator did not specifically bequeath his sales contracts, the distribution should be to them.

From the evidence introduced at the hearing, it appears that the testator, so far as it was possible to determine, did not own or possess any notes or mortgages at the

time of the making of his will nor thereafter to the time of his death. Admitted in evidence was the testator's book of accounts, kept in his own handwriting, on a columnar pad. In it two sales contracts were listed as mortgages owed by the respective debtors and the dates of payment and balances due.

The first issue to be settled is whether the trial court erred in deciding that there was here a latent ambiguity. A latent ambiguity is one which is not discoverable from a perusal of the will but which appears upon consideration of the extrinsic circumstances. 57 Am.Jur. 677, Wills, § 1042. The will is clear and intelligible in the form as written by the testator and no insensibility appears until it is shown that he did not own or possess any notes and mortgages. We think that it is plain that there was, under those circumstances, a latent ambiguity.

Once having established the ambiguity, parol evidence is admissible for the purpose of explaining it. Payne v. Todd, 45 Ariz. 389, 43 P.2d 1004. Consistent with this rule, the trial court properly admitted the testator's business records kept in his own handwriting.

The appellants argue that parol evidence will not be permitted to show what the testator intended to say. This is true, but parol evidence is admissible to show what the testator intended by what he said. Hays v. Illinois Industrial Home for the Blind, 12 Ill.2d 625, 147 N.E.2d 287; De Benedictis v. De Benedictis, 21 N.J.Super. 479, 91 A.2d 368; Putnam v. Jenkins, 204 Or. 691, 285 P.2d 532; Hultquist v. Ring, Tex.Civ.App.1957, 301 S.W.2d 303; In re Nunes' Estate, 123 Cal.App.2d 150, 266 P. 2d 574; Holmes v. Hrobon, 158 Ohio St. 508, 110 N.E.2d 574. In doubtful cases courts may ascertain from the language used and the surrounding circumstances the meaning attributed to the words by the testator. In re Conness' Estate, 73 Ariz. 216, 240 P.2d 176. Here it is reasonable to believe that the testator intended by the use of the words "notes and mortgages" to include contracts for the sale of real property.

Having reached this conclusion there is no occasion to consider the cross-appeal. Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.