580 P.2d 754

**In the Matter of the ESTATE of Hazel E. SMITH, Deceased.**

**Todd FEHLHABER and Sue Fehlhaber, Appellants,**

v.

**Juliet D. ROLLE and Eleanor J. McQuaid, Appellees.**

**No. 2 CA–CIV 2702.**

Court of Appeals of Arizona, Division 2.

April 6, 1978.

Rehearing Denied May 10, 1978.

Review Denied June 8, 1978.

Donald Estes, Tucson, for appellants.

Johnson, Dowdall & Terry by J. Mercer Johnson, Tucson, for appellees.

## OPINION

HATHAWAY, Judge.

Todd and Sue Fehlhaber, brother and sister, and devisees under the will of their cousin, Hazel E. Smith, appeal from a judgment overruling their objections to the inventory and appraisement filed by appellees, Juliet D. Rolle and Eleanor J. McQuaid, devisees and co-personal representatives, and granting appellees' petition for partial distribution. Smith died in Pima County, Arizona, on April 18, 1976, leaving a "LAST WILL AND TESTAMENT" dated March 10, 1976, in which she made the following devises:

"III.

*Specific Devise*

I devise my money and coin collection to Todd Fehlhaber and Sue Fehlhaber in equal shares, or to the survivor thereof.

IV.

*Disposition of Residue of My Estate*

I devise the residue of my estate, consisting of all property of every nature owned by me at my death or acquired by my estate and not effectively disposed of by the preceding articles of this will to Juliet D. Rolle and Eleanor J. McQuaid in equal shares, or the survivor thereof."

Juliet Rolle, cousin, and Eleanor McQuaid, friend, of Smith's were named in her will as co-personal representatives. Following Smith's death and admission of her will to formal probate, appellees as court appointed co-personal representatives filed an inventory and appraisement of her estate. A collection of thirty-six coins and six two-dollar bills, found in Smith's safe deposit box and appraised at $49.00 was the only item listed under "Money and Coin Collection" in the inventory. Various bank accounts, valued at $75,336.71 and consisting of a checking and savings account and certificates of deposit, were listed in the inventory along with other property having a value of $31,414.88.

Appellants' objection to the inventory was that all the bank accounts were "money" and should have been included under "Money and Coin Collection". They contend on appeal that the language in the specific devise "my money and coin collection" unambiguously designates the collection of coins and bills *and* all other monetary assets of the decedent. Appellees claim that this language refers only to the coin and bill collection found in Smith's safe deposit box, and that other monetary assets of the decedent pass to them under the residuary clause.

Appellees filed a petition for partial distribution in which they sought a declaration that the collection of coins and bills listed in the inventory at an appraised value of $49.00 was the only property passing to appellants under Article III of the will and they requested the court to order such collection distributed to appellants. After the court had taken the matter under advisement, appellees moved for summary judgment. They included two affidavits, one of Eleanor McQuaid and one of Michael W. Murray, the attorney who drew up the will.

McQuaid stated in her affidavit that she had found a prior will of Smith's dated April 21, 1972. In this will, attached to the motion as an exhibit, Smith devised all of her property to appellees and appointed Juliet Rolle as executor.

Murray stated in his affidavit that he was called to Smith's hospital room in March 1976 and:

"5. At that time Hazel E. Smith stated to me that she intended to change her prior will to leave a collection of coins and bills, which had belonged to her brother to Todd and Sue Fehlhaber, whose parents are Clinton and Virginia Fehlhaber.

6. Hazel E. Smith further stated her intent to leave the balance and residue of her assets, including but not limited to certificates of deposit, savings, checking account, stock and real estate to Juliet D. Rolle and Eleanor J. McQuaid, in equal shares.

7. Hazel E. Smith indicated that she wished to make only two basic changes from the previous will, to wit: in regard to the coin and bill collection and by making Juliet D. Rolle and Eleanor J. McQuaid Co-Personal Representatives.

8. That to effectuate the desires of Hazel E. Smith, I drafted her will and used the term 'my money and coin collection' to denominate the coin and bill collection that had belonged to her brother. That Hazel E. Smith informed me that $2.00 bills were in the collection, but she was unsure as to whether other denominations of bills were in the collection so the word 'money' was used to encompass any other bills that might be therein contained and the $2.00 bills. She further indicated the coins and bills were in her safety deposit box."

In opposition to the motion for summary judgment, appellants argued that these affidavits were inadmissible under the parol evidence rule, but since they were before the court, appellants would also submit affidavits, those of Sue Fehlhaber and of her

mother, Virginia Fehlhaber. The substance of these affidavits was that Mrs. Fehlhaber had been paralyzed in an automobile accident in October of 1972 and that Sue, who was enrolled as a full-time student at Ohio State University had to leave school and return home to care for her mother and help raise her younger brother Todd. Shortly after the accident, the decedent had visited the Fehlhabers and expressed concern over Sue's inability to continue her education. At this time, and later in 1975, when the Fehlhabers had visited the decedent in Arizona, she gave gifts of clothing and $10 bills to Todd and Sue. Appellants conclude that since the decedent had shown concern about their welfare and had changed her will after their mother's car accident to include them, she must have intended to benefit them by a devise worth more than $49.00.

Appellees' motion for summary judgment was denied. The court found the word "money" as used in the will to be ambiguous and determined that the intent of the testatrix was to devise to appellants only the collection of coins and bills as listed in the inventory. In overruling appellants' objections to the inventory and appraisement, the court considered, pursuant to stipulation by counsel, the entire file including the affidavits submitted.

The cardinal rule for construction of wills is to ascertain the intention of the testator. *In re Estate of Daley,* 6 Ariz.App. 443, 433 P.2d 296 (1967); *Newhall v. McGill,* 69 Ariz. 259, 212 P.2d 764 (1949). This determination is to be made upon a consideration of the instrument as a whole, and, when necessary or appropriate, the circumstances under which the will was executed. *In re Trust Estate of Wills,* 8 Ariz.App. 591, 448 P.2d 435 (1969). When the language of a will is ambiguous resort may be had to extrinsic evidence in order to ascertain the intention of the testator. *In re Estate of Russell,* 69 Cal.2d 200, 70 Cal.Rptr. 561, 444 P.2d 353 (1968).

The issue is whether the trial court erred in deciding that there was an

ambiguity here. An ambiguity is said to exist in an instrument when the written language is fairly susceptible of two or more constructions. A patent ambiguity is an uncertainty which appears on the face of a will. *In re Estate of White,* 9 Cal.App.3d 194, 87 Cal.Rptr. 881 (1970); *In re Estate of Russell,* supra. We agree there was an ambiguity in the instant will and it was a patent one.

 The term "money" when used in wills is essentially ambiguous. *In re Estate of Stadler,* 177 Cal.App.2d 709, 2 Cal.Rptr. 515 (1960); *Mann v. Haines,* 146 Kan. 988, 73 P.2d 1066 (1937). The rule concerning the meaning of "money" is stated in *In re Estate of Whitney,* 162 Cal.App.2d 860, 329 P.2d 104, 107 (1958):

> "When used in a will it has no fixed or technical meaning, but is a term of flexible scope having either a restricted or a wide meaning according to the signification which the testator intended to give the word . . . Where the context of a will discloses the intent of the testator to attribute to the word 'money' a specific meaning which is more comprehensive than the meaning ordinarily given to it, that meaning will be adopted and may comprehend any class of property defined by the context."

We cannot say as a general rule that "money" when used in a will always includes bank deposits. The word may have any meaning which the testamentary intent, as manifested by the will read in the light of proper evidence, imparts to it. *Clements v. Moore,* 205 Okl. 387, 238 P.2d 297 (1951); cf., *Frauenfelder v. State of Arizona,* 45 Ariz. 183, 41 P.2d 311 (1935).

 Once having established an ambiguity, parol evidence is admissible for the purpose of explaining it. *In re Estate of Shields,* 84 Ariz. 330, 327 P.2d 1009 (1958); *Payne v. Todd,* 45 Ariz. 389, 43 P.2d 1004 (1935). Parol evidence is not admissible to show what the testator intended to say, but rather to show what he intended by what he did say. *In re Estate of Shields,* supra.

 The language used here admits of two constructions. One would limit "money" to the collection of coins and bills and the other would enlarge the term to include much more. From the language alone the intent of the testatrix Smith was not clear. It was therefore proper to resort to extrinsic proof, including the statement of the attorney who drew up the will. *In re Estate of Breese,* 7 Wis.2d 422, 96 N.W.2d 712 (1959); *In re De Moulin's Estate,* 101 Cal. App.2d 221, 225 P.2d 303 (1951); *In re Morrison's Will,* 270 App.Div. 318, 60 N.Y.S.2d 18 (1946). Murray's affidavit was admissible to show what Smith intended by devising her "money and coin collection" to appellants.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.