Hazel S. **WISELY, Executor of the Estate of William H. Wisely, Deceased,** Plaintiff–Appellant,

v.

**UNITED STATES of America,** Defendant–Appellee.

No. 89–2606.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1989.

Decided Jan. 11, 1990.

---

D. French Slaughter, III (Jay T. Swett, McGuire, Woods, Battle & Boothe, on brief), for plaintiff-appellant.

Ann Belaner Durney (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Nancy G. Morgan, Tax Div., Dept. of Justice, John Perry Alderman, U.S. Atty., on brief), for defendant-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.

JAMES C. FOX, District Judge:

This is a suit for the refund of $124,311 in estate taxes, penalties, and interest, assessed and collected by the Internal Revenue Service from the Estate of William H. Wisely. In the district court, judgment was for the United States and the taxpayer estate has appealed. The principal question for our determination is whether the district court properly granted summary judgment for the government in holding that the deceased's will, as drafted, failed to qualify the marital trust for the marital estate tax deduction under Title 26 U.S.C. § 2056(b)(5). Having concluded that the district court's disposition was proper, we affirm.

I.

The relevant, undisputed facts are as follows:

The decedent, William H. Wisely, died testate on November 9, 1982, leaving his Last Will and Testament which he had executed on April 22, 1982. The will named

the decedent's wife, Hazel S. Wisely, as the executor of the Estate.

The will contained provisions for the creation of two trusts, the William H. Wisely Family Trust created under Article V,[1] and the marital trust created under Article VI. The portion of the will which is pertinent to this appeal concerns the payment of income from the marital trust and is found in paragraph 2 of Article VI, which states:

My trustees shall pay to my said wife so much, or all, of the net income of the said trust as my Trustees shall, in their sole discretion, deem necessary to provide for her care and support in the style and manner of living to which she has been accustomed, and to provide for her medical or other emergency needs. Any income not so used shall be accumulated and added to the corpus. Such payments may also be made from the corpus at any time or times in the event of any illness of my said wife or any other emergency, physical or financial.

The will also granted Mrs. Wisely a general testamentary power of appointment over the marital trust corpus. Finally, the will appointed Mrs. Wisely, her son-in-law, Donald G. Dickason, and a family friend, H. Gordon Larew, to serve as trustees of both the Family and Marital Trusts.

On its federal estate tax return, the Estate claimed a marital deduction in the amount of $281,575, representing the full value of the property transferred to the marital trust pursuant to Article VI of the will. The Internal Revenue Service disallowed the marital deduction on the ground that the marital trust did not fully comply with the requirements of Section 2056(b)(5) of the Internal Revenue Code of 1954.[2] The Estate paid the resulting tax deficiency together with all accrued penalties and interest thereon, and filed a claim for a refund. The Estate instituted the civil action in federal district court upon disallowance of its refund claim.

At the district court level, the district court granted the government's motion for summary judgment in an order entered on December 19, 1988. In the accompanying memorandum opinion, reported at 703 F.Supp. 474 (W.D.Va.1988), the district court held that the Estate was not entitled to a marital deduction for the value of the marital trust. The district court found that the will as drafted did not include in the marital trust two of the five requirements, set forth in Code Section 2056(b)(5) and Section 20.2056(b)–5(a) of the Treasury Regulations on Estate Tax (1954 Code) (26 C.F.R.), for qualifying a terminable interest for the marital deduction. These two requirements were the "right to income" and "payable annually" provisions of Treasury Regulations § 20.2056(b)–5(a). The district court rejected the Estate's argument that the will was ambiguous as to these two elements and that extrinsic evidence was needed to determine the decedent's intent. Instead, the district court found the will to be unambiguous and relied upon the wording of the will itself in reaching its conclusions. The district court thus rejected the use of extrinsic evidence.

This appeal followed.

## II.

The federal estate tax is computed by subtracting the deductions enumerated in Sections 2053 through 2056 of the Code from the value of the gross estate, which is defined under Sections 2031, *et seq.*, Internal Revenue Code. These deductions in-

---

1. The Family Trust provides for payment to Mrs. Wisely of "so much, or all, of the net income of the said trust as my Trustees shall, in their sole discretion, deem necessary to provide for her care and support in the style and manner of living to which she has been accustomed, and to provide for her medical or other emergency needs. Any income not so used shall be accumulated and added to the corpus." Upon Mrs. Wisely's death, the remaining principal of the Family Trust is to be distributed among various named beneficiaries.

2. While Section 2 of the Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat.2085, has redesignated the "Internal Revenue Code of 1954" "as heretofore, hereby or hereafter amended" as the "Internal Revenue Code of 1986," the year at suit in the present case antedates the Tax Reform Act of 1986. Accordingly, for clarity, references to the operative Internal Revenue Code provisions at issue here will be to the Internal Revenue Code of 1954.

clude: administration expenses and claims against the estate, Section 2053, casualty losses, Section 2054, charitable bequests, Section 2055, and the marital deduction, Section 2056. The taxable estate, thus determined, is subject to tax at rates established under Section 2001(c) of the Code. At issue in this case is the marital deduction, which allows property to pass to a surviving spouse without the imposition of tax. Such property, rather than being taxed upon the death of the first spouse, is taxed at the time of death of the surviving spouse.

Code Section 2056(a) generally permits a deduction from the gross estate for the value of an interest in property passing to the surviving spouse. Section 2056(b), however, limits marital deductions of "terminable interests." A terminable interest is one "where, on the lapse of time, on the occurrence of a contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail...." Included in such "terminable interests" is property transferred as a life estate to the surviving spouse. 26 U.S.C. § 2056(a), Treas.Reg. § 20.2056(b)–1(b).

An exception to the general rule barring a marital deduction for a terminable interest is contained in Section 2056(b)(5). In order to fall within this exception, the bequest must meet the five separate requirements set forth in Section 20.2056(b)–5(a) of the Regulations:

(1) The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest;

(2) The income payable to the surviving spouse must be payable annually or at more frequent intervals;

(3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate;

(4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events; and

(5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse.

Relevant to this appeal are Sections 20.-2056(b)–5(a)(1) & (2).

### A.

Under Section 20.2056(b)–(5)(a)(1), the value of the life estate passing to the surviving spouse with a general power of appointment qualifies for the marital deduction if the surviving spouse is entitled for life either: (1) to all of the income from the entire interest; (2) to all of the income from a specific portion of the entire interest; or (3) to a specific portion of all of the income from the entire interest.

The district court concluded that the terms of the marital trust, as found in Article VI, paragraph 2 of the will, did not meet any of these three requirements because the will failed to expressly state that Mrs. Wisely was entitled to either all the income outright or to some lesser specific portion expressed as a "fractional or percentile share" of the marital trust income. We agree with the district court's conclusion.

Under Article VI paragraph 2 of the will, the trustees may, in their *sole discretion*, decide to accumulate any income they do not deem necessary for Mrs. Wisely's support, medical, or emergency expenses. Moreover, Mrs. Wisely is not entitled, under the terms of the trust, to demand that the trustees distribute income to her. On the contrary, the trustees' affirmative action is required in order for the trust to distribute income to Mrs. Wisely. In short, the consent of persons other than Mrs. Wisely is required as a condition precedent to distribution of the marital trust income. Likewise, it is within the discretion of persons other than Mrs. Wisely to accumulate the trust income rather than to pay it to her, if they should determine that the income is not necessary to maintain her standard of living. We agree with the district

court's reasoning that the "sole discretion" language in the trust does not entitle Mrs. Wisely to all of the income from the entire interest for life.[3] Furthermore, we affirm the district court's finding that the language of the trust fails to satisfy the second or third conditions of Section 20.-2056(b)–5(a)(1). We rely on the district court's reasoning that the language allowing the trustees to pay Mrs. Wisely income in their "sole discretion" fails to designate either a specific portion of the entire interest or a specific portion of all of the income from the entire interest.

Accordingly, we conclude that the district court did not err in finding that the marital trust failed to meet the requirement of Section 20.2056(b)–5(a)(1).

### B.

■ The other section relevant to this appeal is Section 20.2056(b)–5(a)(2). This section requires that for a life estate with a general power of appointment granted to the surviving spouse to qualify for the marital deduction, all of the income must be "payable annually or at more frequent intervals."

We agree with the district court's conclusion that the marital trust does not satisfy the frequency of payment requirement due to the marital trust's "silence" as to the frequency of income payments, as well as to the fact that the trust grants the trustees discretion to accumulate any income which they deem unnecessary for the care and support of decedent's spouse in the manner in which she is accustomed.

The legislative history accompanying the enactment of the marital deduction in 1948 makes clear the intention of Congress in imposing this condition. The history states in part:

> In order for the interest in property transferred in trust to qualify for a marital deduction under subparagraph (F), the following conditions must be met:
>
> .    .    .    .    .
>
> (3) The surviving spouse must be entitled to the income from the corpus of the trust annually, or at more frequent intervals. This requirement disqualifies any trust the income of which is required to be accumulated or may, in the discretion of the trustee, be accumulated.

S.Rep. No. 1013, Pt. 2, 80th Cong., 2nd Session at 16–17 (1948–1 Cum.Bull. at 342–343).

Treasury Regulations Section 20.2056(b)–5(f)(8) also discusses this prerequisite, stating that "under the terms of the trust the income referred to must be currently (at least annually ...) distributable to the spouse or ... she must have such command over the income that it is virtually hers." The regulation then provides that this requirement is satisfied if, "under the terms of the trust instrument, the spouse has the right exercisable annually (or more frequently) to require distribution to herself of the trust income...."

In the present case, the will gives Mrs. Wisely no such right to compel the trustees to distribute income to her at all, let alone annually or more frequently.[4] If, in the trustees' sole discretion, they were to determine that Mrs. Wisely did not need all,

---

3. The estate contends that the "care and support" standard in the trust is sufficient to qualify the trust for the marital deduction where there is an affirmative obligation on the trustees to pay the trust income to the spouse. While we do not dispute this principle, we do not find the estate's argument persuasive or on point in view of our conclusion that the "sole discretion" language removes the affirmative obligation on the trustees to pay the trust income to Mrs. Wisely.

4. The Estate points to Treasury Regulations Section 20.2056(b)–5(e) for the proposition that silence as to frequency of income payments alone does not bar the Estate from a marital deduction. We do not find the Estate's reliance on

this regulation to be persuasive. This regulation is inapposite where, as here, the property interest bequeathed to the surviving spouse does not include in the first place the right to all of the marital trust income in all events. The amount of income payable to Mrs. Wisely was left in the sole discretion of the trustees and was accompanied by the express direction to accumulate any income which they deemed unnecessary for her care and support. The will's silence as to the frequency of payment cannot be used to overcome the sole discretion vested in the trustees as to the amount, if any, of income to be paid to the surviving spouse.

or any, of the trust income to live in the manner to which she has been accustomed, she has no substantive right to compel them to make such a distribution in the absence of bad faith.[5]

For these reasons, we conclude that the district court did not err in its conclusion that the marital trust failed to satisfy the requirement of Section 20.2056(b)–5(a)(2).

## III.

The Estate argues that the district court erred in concluding that the marital trust did not qualify for the marital deduction under §§ 20.2056(b)–5(a)(1) & (2) because the district court failed to refer to extrinsic evidence in construing the terms of the will.

The estate contends that the two-trust structure of the will (*i.e.*, Family Trust and Marital Trust) when juxtaposed with the discretionary income standard used in the marital trust, creates an ambiguity in the will itself requiring reference to extrinsic evidence of the decedent's intent to qualify the marital trust for the marital deduction.

■■■ As the district court correctly noted, the property interests bequeathed in the will are to be interpreted pursuant to Virginia law. *See Commissioner v. Estate of Bosch*, 387 U.S. 456, 463–465, 87 S.Ct. 1776, 1781, 18 L.Ed.2d 886 (1967); *Guiney v. United States*, 425 F.2d 145, 147 (4th Cir.1970). It is settled law in Virginia that where a will, as written, is clear and unambiguous as to the right to receive the income from the trust, it is not necessary to consider any other rule of construction or to resort to extrinsic evidence. *Maiorana v. Virginia Trust Co.*, 216 Va. 505, 510, 219 S.E.2d 884 (1975); *Gasque v. Sitterding*, 208 Va. 206, 212–213, 156 S.E.2d 576 (1967). While the intention of the testator is the "polar star" of construction, intention must be found in the testator's ex-

pressed words. The meaning of the words as used by the testator are the equivalent of his legal intention—the intention which the law recognizes as dispositive. A court may not speculate upon what the testator may have intended to do, but rather must give strict effect to the testator's words. Consequently, the true inquiry is not what the testator meant to express, but what the words he has used do actually express. In short, in the construction of a will in Virginia, the intent of the testator rests in the words he uses. The courts may only give the words actually used the meanings and definitions which the testator possibly could have intended. *Warner v. Baylor*, 204 Va. 867, 876, 134 S.E.2d 263 (1964); *Gardner v. Worrell*, 201 Va. 355, 356, 111 S.E.2d 285 (1959); *Rule v. First Nat. Bank*, 182 Va. 227, 230, 28 S.E.2d 709 (1944); *Osborne v. Cox*, 143 Va. 117, 120–121, 129 S.E. 347 (1925).

[5] Here, the Estate's contention that "[t]he decedent's use of a two-trust structure is tantamount to a flat declaration by the decedent that he intended ... [the Marital Trust to be construed so as to qualify for the marital deduction]" is conjectural. *See Gasque*, 208 Va. at 213, 156 S.E.2d 576. The Estate has not pointed to any language in the will from which it can be concluded that the testator's paramount intention was to qualify the marital trust for a marital deduction, particularly where it requires the court to disregard the decedent's expressed intention that the trustees should use their sole discretion to determine the amount of marital trust income necessary for his wife's support. Because words are not to be rejected unless they manifestly conflict with the plain intention of the testator, *Osborne*, 143 Va. 117, 129 S.E. 347; *Kello v. Kello*, 127 Va. 368, 373–374, 103 S.E. 633 (1920); there is nothing in the law that would permit reformation of the will

---

**5.** The trustees here are Mrs. Wisely, Donald Dickason, her son-in-law, and H. Gordon Larew, a close friend of the decedent. While, as a practical matter, they might accede to Mrs. Wisely's wishes in deciding when, and how much income to distribute, the statute and the regulations make the availability of the marital deduction dependent upon the legal relation-

ships between the trustees and the surviving spouse as established in the trust instrument itself. What the decedent's friend and son-in-law *might* do in the exercise of their discretion cannot affect the availability of the marital deduction, where the trust instrument on its face fails to comply with two separate conditions for claiming the marital deduction.

to overcome the specific language used in Article VI, paragraph 2, bequeathing marital trust income to decedent's wife in amounts that "the trustees in their sole discretion, deem necessary."

Indeed, the sole discretion vested in decedent's trustees with respect to the marital trust income is likewise vested in the trustees with respect to the Family Trust income, thereby confirming that the decedent intended his words expressed in both Articles V and VI, paragraphs 2. *See Wallace v. Wallace*, 168 Va. 216, 224, 190 S.E. 293 (1937); *Cohn v. Central National Bank*, 191 Va. 12, 17, 60 S.E.2d 30 (1950).

■ Here, the decedent did not bequeath the appropriate property interest in the marital trust to his wife to qualify for the marital deduction. Deductions are a matter of legislative grace, and the taxpayer seeking the benefit of a deduction must show that every condition which Congress has seen fit to impose has been fully satisfied. *Deputy v. duPont*, 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934). The taxpayer may not haggle with Congress; he either fits squarely within the statute in every particular or the deduction is unavailable. *White v. United States*, 305 U.S. 281, 292, 59 S.Ct. 179, 184, 83 L.Ed. 172 (1938); *City Ice Delivery Co. v. United States*, 176 F.2d 347, 350 (4th Cir.1949). We know of no rule by which the foregoing doctrine is any less applicable to the estate tax than to the income tax. *Estate of Shedd v. Commissioner*, 23 T.C. 41, 46 (1954), *aff'd*, 237 F.2d 345, 357 (9th Cir.1956), *cert. denied*, 352 U.S. 1024, 77 S.Ct. 590, 1 L.Ed.2d 596 (1957). We decline to rewrite Article VI, paragraph 2, to give effect to what the estate contends, based on the will's structure, to have been the decedent's intent, when to do so would require ignoring decedent's *express* intention, stated in two separate places in the will, of granting his trustees sole discretion in determining the amount of income necessary for his wife's support.

We conclude that the district court did not err in finding no ambiguity in decedent's will which would warrant the submission of extrinsic evidence.[6]

Accordingly, for the reasons set forth above, the district court's order and memorandum opinion granting defendant's motion for summary judgment and thereby resulting in a judgment in favor of the defendant-appellee is

AFFIRMED.

---

**6.** At the district court level, the Estate relied heavily upon *Estate of Mittleman v. Commissioner*, 522 F.2d 132 (D.C.Cir.1975). For the reasons stated by the district court in its opinion at 703 F.Supp. at 477, we agree that the Estate's reliance on *Mittleman* is misplaced.