811 P.2d 360

**In the Matter of the ESTATE OF Grover E. JOHNSON, Deceased.**

**No. 2 CA–CV 90–0201.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 21, 1991.

Review Denied June 4, 1991.

Howard A. Kashman, Tucson, for appellant.

Robert B. Fleming, Tucson, for appellee.

## OPINION

FERNANDEZ, Chief Judge.

This appeal involves the construction of a contingency clause in a will. The trial court granted summary judgment to the future contingent devisee. We affirm.

Grover Johnson died May 19, 1988. His will left everything to his wife, but she predeceased him, and the couple had no children. In the event his wife predeceased him, Johnson made a $10,000 specific bequest to the Church of Christ Mountain Avenue. He also provided as follows:

B. All the rest, remainder and residue of my estate and property enumerated and described in Article FOURTH hereof I give, devise and bequeath to my sister-in-law, ERMA JOHNSON; or in the event she should predecease me, or die prior to distribution, then I give, devise and bequeath my residuary estate to the CHURCH OF CHRIST MOUNTAIN AVENUE, 2848 North Mountain Avenue, Tucson, Arizona, for its general use and purposes.

Erma Johnson was appointed personal representative of Grover's estate on July 8, 1988 and served in that capacity until her death on December 5, 1988, before the estate had been distributed. The notice to creditors was first published on July 19, 1988, and the four-month claim period expired on November 19, 1988. No creditors' claims were filed.

In February 1989, a successor personal representative, a church elder, was appointed. Appellant, Erma Johnson's son and personal representative, then filed a petition for will construction seeking an interpretation of the quoted paragraph and arguing that the residuary devise to Erma Johnson had vested in her as a matter of law.

Appellee church, the future contingent devisee, filed a motion for summary judgment, and appellant responded with a cross-motion for summary judgment. The trial court concluded that "Erma Johnson died prior to distribution of the Estate of Grover E. Johnson, within the meaning of the will of Grover E. Johnson." Appellant appeals from the granting of the church's motion and the denial of his.

■ In reviewing an order granting summary judgment, we must determine whether there is a genuine issue of disputed material fact, and, if not, whether the trial court correctly applied the substantive law. *Long v. Buckley*, 129 Ariz. 141, 629 P.2d 557 (App.1981). *See also Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990).

Appellant contends 1) that Grover Johnson's property indefeasibly vested in Erma before her death, 2) that there is a material issue of fact as to the time when his estate could or should have been distributed, or 3) that the will provision creating a contingent residuary gift to the church is void because it violates the rule against perpetuities.

## VESTING OF PROPERTY

■ Appellant raises a number of arguments in support of his contention that Grover's property vested in Erma before her death. Before we can determine if it

did, we must first examine the will provision. When we construe a clause in a will, our primary obligation is to determine the intent of the testator. A.R.S. § 14–2603; *In re Estate of Smith*, 119 Ariz. 293, 580 P.2d 754 (App.1978); *In re Estate of Daley*, 6 Ariz.App. 443, 433 P.2d 296 (1967). To determine that intent, we look to the instrument as a whole and, if necessary, consider the circumstances under which it was executed. *Estate of Smith, supra.*

The attorney who drafted Johnson's will was deposed, and a copy of the notes he prepared at his initial meeting with Johnson was attached to appellee's motion for summary judgment. The notes contain two references to the phrase "prior to distribution," which the attorney stated most likely meant that Grover Johnson had requested its inclusion. The attorney also testified that although he has included that clause in other wills, he does not automatically do so. The same attorney drafted Erma Johnson's will, which does not include the clause.

In *In re Estate of Overlock*, 23 Ariz.App. 19, 21, 530 P.2d 376, 378 (1975), we stated that in construing the language of a bequest, we presume early vesting "unless an intention to the contrary clearly appears in a will," citing *In re Estate of Baxter*, 58 Ariz. 16, 117 P.2d 91 (1941) as authority. In *Baxter*, the court held that an estate vests on the death of the testator unless a different time is clearly stated.

■ Appellant argues that the time when devised property vests is controlled by A.R.S. § 14–3101, which provides, in part, as follows:

Upon the death of a person, his separate property and his share of community property devolves to the persons to whom the property is devised by his last will, or to those indicated as substitutes for them in cases involving lapse, renunciation or other circumstances affecting the devolution of testate estates. . . . The devolution of separate property and decedent's share of community property is subject to ... rights of creditors and to administration as provided in this title.

The statute does provide that property is transferred to the devisees upon the decedent's death. It does not, however, govern the time of vesting of a devise in an heir who is required by the will to survive distribution of the estate. Appellant also cites *In re McDonnell's Estate*, 65 Ariz. 248, 179 P.2d 238 (1947) and *Home Insurance Co. v. Latimer*, 33 Ariz. 288, 264 P. 103 (1928) for the principle that title always vests immediately in the heirs upon the decedent's death. Those cases, however, involved intestate succession, not the construction of a will provision that limits or makes conditional the right to inherit.

Appellant argues that the property vested in Erma at Grover's death because a partial distribution of the estate could have been made to her. Although that is true, the fact is there was no partial distribution of Grover's estate prior to Erma's death.

■ Although this exact issue has not previously been resolved in Arizona, other states have given effect to similar will provisions. In two California cases, the courts held that language similar to that employed here precluded the devisee from inheriting when that person died before the estate was distributed. *In re Jameson's Estate*, 93 Cal.App.2d 35, 208 P.2d 54 (1949); *In re Hampe's Estate*, 85 Cal.App.2d 557, 193 P.2d 133 (1948). In an Idaho case, *Allen v. Shea*, 105 Idaho 31, 665 P.2d 1041 (1983), the devisee was also the personal representative, just as in this case. The court held that the testator's will clearly expressed an intention that his wife survive him until his estate was distributed. Because she did not, the court held that the devise failed. *See also* Annot., 59 A.L.R.3d 1043 (1974). We find no merit to appellant's contention that because Erma was both the personal representative and the devisee, her roles merged except for the "formality" of executing a document distributing the property to herself.

Appellant also argues that it would be inequitable not to find that the devise had vested, citing the following: Erma continued to live in Grover's house after his death and continued to use his personal property and his automobile. She request-

ed the attorney for the estate to transfer title to the car to her. Although he gave her the title, she never had ownership transferred to her. Erma paid the utilities and made some minor capital improvements to the house with her own money. She also paid the attorney's fees for the probate of Grover's estate as well as his funeral expenses. She collected no fee for serving as personal representative. Although Erma's estate may thus have an equitable claim against Grover's estate for the funds she paid on its behalf, that issue is not before us.

Grover Johnson's will clearly and unequivocally required Erma Johnson to survive distribution of his estate in order for her to inherit. Because she did not, the property did not vest in her at his death.

### FACTUAL ISSUES AS TO DISTRIBUTION

■ Because Erma Johnson died 16 days after the expiration of the period for filing claims, appellant argues that a fact issue on whether distribution could or should have been made to her during that period precluded entry of summary judgment. He also notes that prior to that time, a partial distribution of most of the estate could have been made.

In support of his argument, appellant contends that this case is like that of *In re Estate of Taylor*, 66 Cal.2d 855, 59 Cal. Rptr. 437, 428 P.2d 301 (1967). We disagree. In that case, the will provided that one-third of the residuary estate would go to the beneficiary if she survived distribution of the estate. The will was admitted to probate two months after the testator's death, and the petition for final distribution was filed 16 months later. The beneficiary died 14 days before the date set for the hearing on the petition. The court found that the estate could easily have been distributed before the beneficiary's death and that the delay in distributing it was unreasonable. As a result, the court found that the estate had vested in the beneficiary. No such delay has been alleged or can be alleged in this case. We find that no factual issue exists as to whether the estate could or should have been distributed prior to Erma's death.

### RULE AGAINST PERPETUITIES

■ We agree with appellant that the rule against perpetuities remains viable in Arizona. A.R.S. § 33–261. Under that rule, appellee's future interest must vest within 21 years from lives in being at the time of Grover Johnson's death or fail. Appellant has cited no cases in which the language involved here has been held to violate the rule against perpetuities. He has instead cited Leach, *Perpetuities in a Nutshell*, 51 Harv.L.Rev. 638 (1938). The example cited there, however, convinces us that no violation of the rule is involved here.

According to appellant, the testamentary provision at issue is the "administrative contingency" type of violation in which vesting depends on the completion of a period of administration that may exceed 21 years. The example he cites, however, requires the absence of an available measuring life. Here, Erma's life is a measuring life. Thus, if the estate might not vest within 21 years after she dies, there would be a violation of the rule against perpetuities. Under the will provision at issue, however, the instant Erma died, the property vested in the church. There is no rule violation.

Affirmed.

HOWARD and LACAGNINA, JJ., concur.