ESTATE OF GEORGE D. ELLINGSON, DECEASED, DOUGLAS L.M. ELLINGSON AND LAVEDNA M. ELLINGSON, CO-TRUSTEES OF THE GEORGE D. AND LAVEDNA M. ELLINGSON REVOCABLE LIVING TRUST, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24900-89.          Filed May 28, 1991.

*Thomas J. Shumard,* for the petitioner.
*Mary P. Kimmel* and *David W. Otto,* for the respondent.

## OPINION

JACOBS, *Judge:* Respondent determined a deficiency of $4,300,316 in petitioner's Federal estate tax. Primarily, the deficiencies are premised on respondent's disallowance of a claimed marital deduction for property passing to a trust for the benefit of the decedent's surviving spouse where the trustees have the power to accumulate income. After concessions by petitioner, the only issue remaining for decision is whether Lavedna M. Ellingson, the decedent's surviving spouse, has a "qualifying income interest for life" within the meaning of section 2056(b)(7)[1] in the property which passed to the trust for her benefit.

The parties submitted this case fully stipulated. The stipulation of facts and accompanying exhibits are incorporated herein by this reference.

---

[1] All section references are to the Internal Revenue Code as amended and in effect at the date of decedent's death. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner initially claimed the right to elect to pay the deficiency in installments under sec. 6166(h). Both parties now agree that said election can be made only after a final decision in this case is entered. See sec. 6213(a).

*Background*

George D. Ellingson (George Ellingson or decedent) died testate on January 1, 1986. He is survived by his wife, Lavedna (Mrs. Ellingson), a son, Douglas L.M. Ellingson, and a daughter, Georgia Mae Ellingson.

Decedent and Mrs. Ellingson established a comprehensive estate plan, consisting of individual wills and a revocable inter vivos trust (hereinafter the trust or the Ellingson Trust). The trust provided for the management of the settlors' community properties during lifetime and the devolution thereof upon death. The wills and trust were executed on December 2, 1981; first and second amendments to the trust were executed on May 6, 1983.

The settlors (George and Lavedna Ellingson) named themselves initial cotrustees of the trust; their son Douglas was named successor trustee upon the death or resignation of either of them or in the event either was unable to act. The trust provides that at such time when both initial cotrustees are unable to act, Douglas will become sole trustee, and should Douglas be unable to act, then the First Interstate Bank of Arizona is to serve as sole trustee.

The principal asset of decedent's estate was his community interest in a farm (which included 156 acres of unimproved land) located in Maricopa County, Arizona; the reported value of the farm exceeded $15 million.

Decedent's estate was neither probated nor administered. Petitioner in this case is decedent's estate and the estate's representatives before this Court, Douglas and Lavedna Ellingson, as cotrustees of the Ellingson Trust. Douglas and Lavedna Ellingson resided in Tempe, Arizona, at the time the petition was filed.

*Marital Deduction*

1. *The Last Will and Testament of George D. Ellingson*

Decedent bequeathed his personal property to his wife. Under decedent's will, "personal property" was defined to exclude money, evidence of indebtedness, documents of title, securities, and property used in a trade or business. Also, under the will, Social Security death benefits and Federal tax refunds were deemed to be money, and growing

crops and farm equipment were deemed as used in a trade or business.

The residue of decedent's estate was bequeathed to the trustees of the Ellingson Trust to be "held, administered and distributed in accordance with all the provisions of that Trust Agreement, including any amendments thereto in effect at my death."

2. *The George D. Ellingson and Lavedna M. Ellingson Revocable Living Trust Agreement*

Pertinent provisions of the trust are as follows:

Article IV, entitled, "Administration of Trust During the Joint Lifetimes of Trustors," empowers the trustee(s) to:

hold, administer and distribute the Trust Estate as follows:

A. *Income.* The Trustee shall pay to or apply for the benefit of the Trustors, in quarterly or other convenient installments, so much of the net income from the community property of the Trust Estate as they, or the one of them who is not unable to manage his or her affairs, may direct, and shall pay to each Trustor so much of the net income from his or her separate property of the Trust Estate as he or she may direct.

Article V, entitled, "Administration of Trust Upon the Death of a Trustor," provides for the following division:

DIVISION INTO THREE TRUSTS. Upon the death of the first trustor to die, hereinafter referred to as the "deceased Trustor", the Trustee shall divide the Trust Estate, including any assets received by the trustee upon or by reason of the death of the deceased Trustor, into three (3) separate Trusts which are hereinafter referred to as the "Survivor's Trust", the "Marital Deduction Trust", and the "Decedent's Trust".

Article V, section B, as amended, entitled, "Allocation to Marital Deduction Trust," provides:

The intention and direction of the Settlors is that all the property allocated to the Marital Deduction Trust (1) may qualify for the marital deduction as qualified terminable interest property, (2) may be elected pursuant to Internal Revenue Code Section 2056 by the Deceased Settlor's Personal Representative to qualify as terminable interest property, and (3) may not be taxed as part of the Deceased Settlor's estate, but shall only be taxed as part of the Surviving Settlor's estate at the Surviving Settlor's death.

Article VII, section B(1), as amended, entitled, "Administration of Marital Deduction Trust," provides:

B. DURING LIFETIME OF SURVIVING TRUSTOR. During the lifetime of the Surviving Settlor, the Trustee shall hold, administer and distribute the Marital Deduction Trust in the following manner: (1) *Income.* The Trustee shall pay to or apply for the benefit of the Surviving Settlor the entire net income from the Marital Deduction Trust in quarter-annual or other convenient installments (but at least annually); however, if the income so payable to the Surviving Settlor shall, at any time or times, exceed the amount which the Trustee deems to be necessary for his or her needs, best interests and welfare, the Trustee may accumulate the same, as the Trustee deems advisable. All income so accumulated and undistributed at the death of the Surviving Settlor shall be paid to the Survivor's Trust.

Decedent's estate timely filed a Federal estate tax return on March 30, 1987. On the return, the "yes" box was checked in response to the question, "Do you elect to claim a marital deduction for an otherwise nondeductible interest under section 2056(b)(7)?"

In determining the amount of decedent's estate, community assets were divided in half to determine decedent's share thereof. The estate claimed a marital deduction of $9,320,348 for bequests to Mrs. Ellingson, which included $8,189,618 pursuant to section 2056(b)(7) (relating to qualified terminable interest property). Respondent disallowed $8,236,108 of the claimed $9,320,348 marital deduction, as follows:

| Items disallowed | Disallowed amount |
|---|---|
| Social Security death benefit | $125 |
| Farm equipment | 900 |
| Growing crops | 5,475 |
| Federal tax refund | 39,990 |
| QTIP interest | 8,189,618 |
| Total disallowance | 8,236,108 |

*Discussion*

Section 2001 imposes a tax on the transfer of the taxable estate of all decedents who are U.S. citizens and residents. The amount of the tax depends on the amount of the taxable estate, sec. 2001(b), which is equal to the value of the gross estate less deductions. Sec. 2051. Under section 2056(a), the estate may claim, as a marital deduction, the value of certain property passing to the surviving spouse.

The sole remaining issue for decision is whether Mrs. Ellingson's interest in the property passing to the trust for her benefit, and certain other property passing to her, constitutes qualified terminable interest property for purposes of the marital deduction under section 2056.

A marital deduction is generally not allowable for a "terminable interest," which is a property interest that will terminate or fail "on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur." Sec. 2056(b)(1). As such, an interest in the nature of a life estate, in most circumstances, is not eligible for the marital deduction. *Estate of Doherty v. Commissioner*, 95 T.C. 446, 459 (1990); *Estate of Kyle v. Commissioner*, 94 T.C. 829, 838 (1990); *Estate of Nicholson v. Commissioner*, 94 T.C. 666, 671 (1990).

The Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, added section 2056(b)(7), which allows a marital deduction for transfers of "qualified terminable interest property" (QTIP) interests to the surviving spouse. QTIP is property in which the surviving spouse has a "qualifying income interest for life." The parties disagree as to whether Mrs. Ellingson, the surviving spouse, has the necessary "qualifying income interest for life" in the property passing to the trust for her benefit.

Section 2056(b)(7)(B), in pertinent part, provides:

(B) For purposes of this paragraph—
(i) IN GENERAL.—The term "qualified terminable interest property" means property—
(I) which passes from the decedent,
(II) in which the surviving spouse has a qualifying income interest for life, and
(III) to which an election under this paragraph applies.
(ii) QUALIFYING INCOME INTEREST FOR LIFE.—The surviving spouse has a qualifying income interest for life if—
(I) the surviving spouse is entitled to all the income from the property, payable annually or at more frequent intervals, * * * and
(II) no person has a power to appoint any part of the property to any person other than the surviving spouse.

 *   *   *   *   *   *   *

(v) ELECTION.—An election under this paragraph with respect to any property shall be made by the executor on the return of tax imposed by section 2001. Such an election, once made, shall be irrevocable.

Respondent argues that the property passing to the trust does not qualify as a transfer of a QTIP interest because Mrs. Ellingson did not receive a qualifying income interest for life. He contends that she did not receive such an interest since she is not absolutely entitled to *all* of the income from the trust property payable annually or at more frequent intervals as required by section 2056(b)(7)(B)(ii)(I). Respondent maintains that according to the trust, income may be accumulated, citing the following pertinent language of Article VII, section B(1), as amended:

> The Trustee shall pay to or apply for the benefit of the Surviving Settlor the entire net income from the Marital Deduction Trust in quarter-annual or other convenient installments (but at least annually); *however, if the income so payable to the Surviving Settlor shall, at any time or times, exceed the amount which the Trustee deems to be necessary for his or her needs, best interests and welfare, the Trustee may accumulate the same, as the Trustee deems advisable.* All income so accumulated and undistributed at the death of the Surviving Settlor shall be paid to the Survivor's Trust. [Emphasis added.]

Respondent posits that the above provision clearly violates the rules defining qualifying income interests, since the trustees are granted the right to accumulate income. On the other hand, petitioner claims that the clear intent of the decedent and Mrs. Ellingson, as set forth in the first amendment to the trust, indicates that the property passing to the trust qualifies for the marital deduction. We agree with respondent.

Section 20.2056(b)-7(c)(1), Proposed Estate Tax Regs., 49 Fed. Reg. 21357 (May 21, 1984), in defining what represents a qualifying income interest for life, provides:

> In general, the principles outlined in section 20.2056(b)-5(f), relating to whether the spouse is entitled for life to all of the income from the entire interest or a specific portion of the entire interest, are applicable in determining whether the surviving spouse is entitled for life to all the income from the property, regardless of whether the interest passing to the spouse is *in trust* * * *. [Emphasis added.]

Here, there is no question but that property has passed from the decedent to Mrs. Ellingson in trust. In focusing on the treatment of an interest passing in trust, section 20.2056(b)-5(f)(7), Estate Tax Regs., provides that—

An interest passing in trust fails to satisfy the condition * * * that the spouse be entitled to all the income, to the extent that the income * * * *may be accumulated in the discretion of any person other than the surviving spouse* * * * [Emphasis added.]

If trust income can be accumulated by the trustees and not distributed annually, then the spouse is not entitled to all the income from the property payable annually or at more frequent intervals. Here, the Ellingson Trust provides for the possibility of the accumulation of income (Article VII, section B(1), as amended) in the discretion of the trustees of the trust. Thus, Mrs. Ellingson does not have a qualifying income interest for life in the trust property, and the property passing to the trust fails to qualify for QTIP treatment.[2] *Estate of Doherty v. Commissioner, supra.*

We recognize that Mrs. Ellingson, the income beneficiary, is also a cotrustee; however, this does not save the QTIP deduction. Mrs. Ellingson's cotrusteeship does not, as petitioner contends, provide Mrs. Ellingson with "such command over the income that it is virtually hers." See sec. 20.2056(b)-5(f)(8), Estate Tax Regs. The other cotrustee, Douglas Ellingson, might wish to accumulate income. Further, pursuant to Article X of the trust, the surviving settlor spouse is not permitted to gain full control and discretion over the trust, since the surviving spouse (here, Mrs. Ellingson) can never become the sole trustee. Pursuant to Article X, Douglas is to become a cotrustee with the surviving settlor upon the death of either settlor. And upon Douglas Ellingson's death or resignation as cotrustee, the First Interstate Bank of Arizona becomes sole trustee.

The possibility that Mrs. Ellingson might be replaced as trustee prevents satisfaction of the requirement that the surviving spouse be "entitled to all the income from the property," sec. 2056(b)(7)(B)(ii)(I), regardless of the probability that Mrs. Ellingson would be replaced as trustee. And, as we stated in a related context, "it is the possibility, not the probability, that an interest will terminate or fail that

---

[2]Pursuant to Article VII, section B(1) of the trust, as amended, at the death of the surviving settlor, the accumulated income will be paid to the survivor's trust. One could argue that the accumulated income could eventually be distributed to Mrs. Ellingson under the survivor's trust, and thus provide a qualifying income interest for life since "all" the income would be distributed. However, there is no guarantee that the income would be distributed annually; thus, for this reason alone, no deduction would be allowed.

will determine whether the surviving spouse's interest is a 'qualifying income interest for life'." *Estate of Kyle v. Commissioner,* 94 T.C. at 845; see *Estate of Weisberger v. Commissioner,* 29 T.C. 217, 220-223 (1957).

The situation involved herein is analogous to that involved in *Estate of Doherty v. Commissioner, supra.* In *Estate of Doherty,* the income beneficiary claimed that his income interest qualified as "a qualifying income interest for life" because, although the will in question allowed the trustee to accumulate income, the income beneficiary was himself the trustee. The income beneficiary/trustee thus argued that he had the unrestricted power to pay all of the income to himself. We did not accept his argument since, under the terms of the will, a successor trustee would become trustee in the event of the resignation of the income beneficiary/trustee. Accordingly, someone other than the income beneficiary/trustee could have discretion to accumulate income prior to the income beneficiary/trustee's death. We stated therein that "This possibility prevents satisfaction of the requirement that the surviving spouse be 'entitled to all the income from the property' * * * regardless of the probability that Mr. Doherty [the income beneficiary/trustee] will be replaced as trustee." *Estate of Doherty v. Commissioner,* 95 T.C. at 462.

Petitioner attempts to differentiate *Estate of Doherty* from the instant case by stating that the Ellingson Trust agreement requires income to be distributed at least annually. Such, however, does not save the deduction. The accumulation of income language in the Ellingson Trust modifies the requirement to distribute income at least annually. The apposite language, which was chosen by the settlors in this case, states:

however, if the income so payable to the Surviving Settlor shall, at any time or times, exceed the amount which the Trustee deems to be necessary for his or her needs, best interests and welfare, the Trustee may accumulate the same, as the Trustee deems advisable.

Thus, due to the accumulation of income provision and the possibility of successive trustees, the trust fails to qualify for QTIP treatment under section 2056(b)(7) since the possibility exists that "the surviving spouse might not receive

distributions of all of the trust income accruing before death." *Estate of Doherty v. Commissioner,* 95 T.C. at 464.

The determination of the nature of the interest that passes to a surviving spouse is made under the law of the jurisdiction under which the interest passes. *Estate of Doherty v. Commissioner,* 95 T.C. at 460; *Estate of Nicholson v. Commissioner,* 94 T.C. 666, 672-673 (1990); *Estate of Bowling v. Commissioner,* 93 T.C. 286, 293 (1989). Therefore, here, we look to Arizona law. Arizona follows the general rule for construction of wills, which is to ascertain the intention of the testator. *In re Estate of Smith,* 119 Ariz. 293, 580 P. 2d 754, 756 (App. 1978).

Petitioner argues that: (1) The trust, read as a whole, shows the decedent's intent was to have the trust qualify for QTIP treatment, and (2) the trustees of the trust have a duty to comply with such intent. The flaw in petitioner's argument is that it ignores the accumulation-of-income language which clearly demonstrates that both the decedent and Mrs. Ellingson intended the trustees to have the power to accumulate income if they believed it necessary for the surviving spouse's best interests and welfare.

The generic statements of "intent" in the first amendment to Article V of section B do not override the settlors' intent to allow the trustees to accumulate income if they deem such necessary for the surviving spouse's best interests and welfare. The saving clause states that decedent's personal representative *may* elect to take a QTIP deduction, but it does not command the personal representative to do so. At most, the saving clause is an indication that one intent of the settlors was to lower estate taxes through the QTIP deduction; the clause, however, is not binding on the trustees.

Petitioner cites State law to show what duties a trustee owes a beneficiary. However, nothing cited by petitioner prevents the accumulation of income in a case where the settlors obviously contemplated it. The settlors could have limited the accumulation of income to specific circumstances, in accordance with section 2056, but they did not. Rather, they permitted the trustees to use their discretion; such is fatal to the allowance of the deduction sought.

The decedent and Mrs. Ellingson authorized the trustees to have some control over the flow of income to the survivor. Also, they provided in Article IX of the trust, to "invest and reinvest Trust property, both principal and undistributed income." This, in our opinion, further illustrates the intent of the decedent and Mrs. Ellingson to protect the survivor spouse.

We are mindful of the opinion of the Ninth Circuit (the circuit to which an appeal in this case would lie) in *Estate of Howard v. Commissioner*, 910 F.2d 633 (9th Cir. 1990), revg. 91 T.C. 329 (1988), which involved the accumulation of income in a QTIP trust. The terms in the trust involved therein provided for the payment of trust income to the surviving spouse quarter-annually or at more frequent intervals. The trust provided that "Income accrued or held undistributed by the trustee at the termination of any interest shall go to the next beneficiaries of the trust in proportion to their interests in the trust." *Estate of Howard v. Commissioner*, 91 T.C. at 330, 331. In that case, we determined that the accumulation provision prevented the trust from qualifying as a QTIP trust for purposes of the marital deduction. *Estate of Howard v. Commissioner*, 91 T.C. at 338. The Ninth Circuit, however, determined that the surviving spouse was entitled to all the trust income even though some of it accumulated between the last quarterly distribution and her death. The Ninth Circuit stated that "As long as the income is payable at least annually and the spouse is entitled to all regular distributions as long as she lives, the statutory test is met." *Estate of Howard v. Commissioner*, 910 F.2d at 635.

In *Estate of Howard*, all trust income was required to be distributed at least annually even though accumulation of the income was to occur only between quarterly distributions; here, despite petitioner's argument that the trustees could pay any accumulated income at least annually, the accumulation of income could occur over several years, with no time constraint on distribution. The facts in *Estate of Howard* differ from those involved herein; thus, the principle established in *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), which mandates that we follow the opinions of the circuit to which a case is

appealable if such opinions are "squarely on point," is not herein applicable. See, e.g., *Metzger Trust v. Commissioner,* 76 T.C. 42, 72-74 (1981), affd. 693 F.2d 459 (5th Cir. 1982) (significant factual distinctions render a decision not squarely in point).

*Estate of Nicholson v. Commissioner,* 94 T.C. 666 (1990), also involved the interpretation of trust language under the QTIP provisions of section 2056(b)(7). The terms of the *Nicholson* trust provided the surviving spouse with "so much of the net income * * * as * * * [she] may from time to time require * * * to maintain * * * her 'usual and customary' standard of living." *Estate of Nicholson v. Commissioner,* 94 T.C. at 674. We held that such provision gave the surviving spouse only such income as she needed, not necessarily all the income she might demand.

A similar interpretation applies to the accumulation of income provision in the Ellingson Trust. The trustees' power to accumulate income limits the surviving spouse's right to receive income annually from the trust. Where a trust provides the trustees power to accumulate income without consulting the surviving spouse, then the surviving spouse is not entitled to the income payable annually or at more frequent intervals and there is no marital deduction. *Wisely v. United States,* 893 F.2d 660, 663-664 (4th Cir. 1990).

Petitioner argues that *Estate of Todd v. Commissioner,* 57 T.C. 288 (1971), should control. There, we examined an annual income clause in the marital deduction section of the trust. The specific language used was the following:

(1) The trustees shall in convenient periodic installments not less frequently than annually pay so much of the net income of this trust to my wife, Jane Jarvis Todd, so long as she shall live, as in their conclusive discretion should be so expended to accomplish the purpose of this trust. [57 T.C. at 290.]

The testator in *Estate of Todd* specified in his will that he wanted the maximum marital deduction available for his estate pursuant to section 2056(b)(5).[3] Therein, we weighed

---

[3] We note that both sec. 2056(b)(5) and (7) contain a requirement that "the surviving spouse is entitled to all the income" from the property, "payable annually or at more frequent intervals."

the testator's intent against the trustees' "conclusive discretion" and found the trustees were commanded to distribute the income at least annually to accomplish the purpose of the trust. *Estate of Todd v. Commissioner*, 57 T.C. at 293. Reading the will as a whole, we held that the surviving spouse possessed an absolute right to the income from the trust, qualifying the trust for a marital deduction. *Estate of Todd v. Commissioner*, 57 T.C. at 293.

Contrary to petitioner's position, we believe that the Ellingson Trust has specific, limiting language that is different from the language in *Estate of Todd*. The Ellingson Trust allows the accumulation of income if the amount exceeds that which the trustees deem necessary for the surviving settlor's needs, best interests, and welfare; there is no such provision in *Estate of Todd*. Further, the accumulation of income provision in the Ellingson Trust does not carry with it any condition "to accomplish the purpose of the trust" as the *Estate of Todd* language does.

In sum, because Mrs. Ellingson does not have a qualifying income interest for life, petitioner is not entitled to the claimed marital deduction under section 2056(b)(7). For estate taxes, as for income taxes, "Deductions are a matter of legislative grace, and a taxpayer seeking the benefit of a deduction must show that every condition which Congress has seen fit to impose has been fully satisfied." *Wisely v. United States*, 893 F.2d 660, 666 (4th Cir. 1990), citing *Deputy v. duPont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

In addition to the property claimed by decedent's estate under section 2056(b)(7), the bequest to Mrs. Ellingson included Social Security death benefits, farm equipment, growing crops, and a Federal tax refund. Under decedent's will, these items do not constitute "personal property"; thus, they did not pass directly to Mrs. Ellingson. Rather, these items constitute part of the residue of decedent's estate; and, as such, they were part of the items passing to the trustees of the Ellingson Trust. As discussed, property passing to the trustees of the Ellingson Trust does not constitute a QTIP interest pursuant to section 2056(b)(7) for which a marital deduction is allowed.

To reflect the foregoing and concessions by petitioner,

*Decision will be entered for the respondent.*